IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60188
Summary Calendar
_____

APOLO ROGELIO FLORES-CASTILLO,

                                        Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                        Respondent.

- - - - - - - - - -
Petition for Review of an Order of the
Board of Immigration Appeals
A70-001-624
- - - - - - - - - -
December 1, 1995
Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     This is an appeal from the Board of Immigration Appeals'
(BIA) order dismissing appellant's petition for asylum and
withholding of deportation.  He urges that he is entitled to
asylum or, alternatively, the case should be remanded to the BIA
so that he may present his petition with the assistance of
counsel.  He  requests that the court consider additional

---

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

evidence which he did not submit during his deportation proceedings.

This court's review is limited evidence included in the administrative record. Miranda-Lores v. INS, 17 F.3d 84, 85 (5th Cir. 1994). We have reviewed that record and the BIA's opinion and find no error. 8 U.S.C. § 1158(a); Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994). The appellant has failed to demonstrate that remand is required in this case. 28 U.S.C. § 2347(c). If the appellant wishes to reopen his deportation proceeding, he should file with the BIA a motion to reopen the deportation proceedings for the submission of new evidence. Faddoul v. INS, 37 F.3d 185, 190 (5th Cir. 1994); Pritchett v. INS, 993 F.2d 80, 83 (5th Cir.), cert. denied, 114 S. Ct. 345 (1993).

DENIED.