IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60807
Summary Calendar
_____

TADESSE DEMEKE FELEKE,

                                        Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                        Respondent.

--------------------
Petition for Review of an Order of
the Board of Immigration Appeals
(A29 573 339)
--------------------
September 30, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Tadesse Demeke Feleke petitions for review of an order of
the Board of Immigration Appeals ("BIA") dismissing his appeal of
the immigration judge's order denying his application for asylum
and withholding of deportation.  He argues that he is entitled to
asylum because he was persecuted while living in Ethiopia and
that he has a well-founded fear that he will be persecuted if he
returns there.  He avers that the BIA abused its discretion in
denying asylum and that the case should be remanded for the BIA
to consider evidence of current country conditions since the

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immigration judge's decision was rendered in 1992.

This court will uphold the BIA's factual finding that an alien is not eligible for asylum if it is supported by substantial evidence. Gomez-Mejia v. INS, 56 F.3d 700, 702 (5th Cir. 1995). The substantial-evidence standard requires only that the BIA's conclusion be based on the evidence presented and that the decision is substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). The petitioner has the burden to "'show that the evidence he presented [i]s so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). This court will uphold the BIA's determination whether to grant asylum unless the petitioner shows that the action was arbitrary, capricious, or an abuse of discretion. Jukic, 40 F.3d at 749.

The BIA's decision is based upon the record evidence and is substantially reasonable. Feleke has not adduced evidence that compels a finding either that he was persecuted by the Ethiopian government or that he has a well-founded fear of persecution. See Jukic, 40 F.3d at 749. Further, "[t]he proper venue for proffering new evidence is not the Fifth Circuit on appeal, but the BIA through a motion to reopen the case." Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). A remand to consider additional evidence is appropriate only if "(1) the additional evidence to be offered is material and (2) there were reasonable grounds for the alien's failure to submit the additional evidence to the

agency."  <u>Miranda-Lores v. INS</u>, 17 F.3d 84, 85 (5th Cir. 1994).
Feleke neither describes the additional evidence of current
country conditions nor explains why he did not move the BIA to
reopen the case.  Therefore, remand is denied.

The petition for review is DENIED.