**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 00-60708

RAED ABDULMATALES SAYMEH,

Petitioner,

versus

JOHN ASHCROFT, U.S. Attorney General,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals

July 25, 2002

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Raed Abdulmatales Saymeh ("Saymeh") appeals the Board of Immigration Appeals's ("BIA") decision denying his application for asylum. For the following reasons, we hereby AFFIRM.

BACKGROUND

Saymeh is a stateless Palestinian. He was born on the West Bank, previously claimed by Jordan, but now controlled by Israel. He has never resided in Jordan and has only visited there for three very brief periods of time. At one time, Saymeh was issued a five-year Jordanian passport,

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which has since expired. He is married to a Jordanian citizen and they have two children. He also has a brother who resides in Washington, D.C.

Saymeh moved to Kuwait when he was eighteen years old to work. He lived in Kuwait until he entered the United States on October 10, 1990 with a B-2 visa, which authorized him to remain until April 5, 1991. On April 15, 1992, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause against Saymeh charging him with deportability as a nonimmigrant alien who overstayed his visa. He sought relief in the form of asylum, withholding of deportation, or, in the alternative, voluntary departure.

Saymeh sought asylum on the grounds that he feared persecution on account of his race, ethnicity, and imputed political opinion. He contended that his life would be in danger if he were forced to return to Kuwait, the country of his last habitual residence, due to the Kuwaiti perception that the Palestinians aided the Iraqis during the Gulf War. Kuwait, however, would not allow Saymeh back into the country. As such, the INS sought to deport him to Jordan if Honduras, the country he designated for voluntary departure, would not accept him.

The IJ determined that the poor conditions in Kuwait were the result of general violence. Consequently, she found that Saymeh would be at no greater risk than the population at large. The IJ observed that a person fleeing generally violent conditions is not a refugee. Thus, she denied Saymeh's request for asylum based upon her conclusion that Saymeh did not have a well-founded fear of persecution on account of his race, ethnicity, or imputed political opinion. She also noted that there was no evidence that Saymeh had a well-founded fear of persecution in Jordan. The IJ was clear, however, that even if Saymeh established a well-founded fear of persecution, she would deny his application as a matter of discretion. She also denied Saymeh's request for withholding of

deportation. Finding that Saymeh had been a person of good moral character, she granted his request for voluntary departure. Administrative appeal was taken and the BIA upheld the IJ's decision. On appeal, Saymeh contests the IJ's decision to deny his application for asylum.

## STANDARD OF REVIEW

We review factual findings of the BIA to determine if they are supported by substantial and probative evidence in the record. INS v. Elias- Zacarias, 502 U.S. 478, 481 (1992). We will reverse only when the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. Id. We accord deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect. Rojas v. INS, 937 F.2d 186, 189 (5th Cir. 1991). We have authority to review only an order of the BIA, not the IJ, unless the IJ's decision has some impact on the BIA's decision. Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). Here, the BIA, in its brief per curiam order essentially adopted the IJ's decision. Thus, we must review the IJ's decision. Id.

## ASYLUM

Under section 208 of the Immigration and Nationality Act, amended as 8 U.S.C. § 1158(b)(1), the Attorney General has the authority to grant asylum to any alien determined to be a refugee according to the definition provided in section 1101(a)(42)(A). For the purpose of asylum, a refugee is defined as

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). Once an individual is classified as a refugee, he or she is not automatically entitled to asylum, as the Attorney General still retains discretion. Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994).

Saymeh's asserted entitlement to asylum is based on two factors. First, he maintains that he is unable to return to Kuwait because of a well-founded fear of persecution. Second, he contends that there is no discretionary basis for denying his asylum claim. Essentially, Saymeh asserts that the IJ erred because she required Saymeh to prove a well-founded fear of returning to both Kuwait and Jordan. Saymeh points out that section 1101(a)(42)(A)'s "unable or unwilling" language is written in the disjunctive. He concludes that even though he is "unable" to return to Kuwait, the IJ was still required to review the evidence to determine whether Saymeh had a well-founded fear of persecution in Kuwait and only Kuwait. Instead, according to Saymeh, the IJ erroneously addressed whether he had a well-founded fear of returning to Kuwait and Jordan.

Even if Saymeh is correct that he proved a well-founded fear of persecution if forced to return to Kuwait, and even if the IJ erroneously required him to prove a well-founded fear of persecution in Jordan as well, this is irrelevant for purposes of this appeal. The IJ found that Saymeh's fear was ameliorated by the fact that he was not being forced to return to Kuwait. As such, she denied his application as a matter of discretion after assuming *arguendo* that Saymeh's fear was well-founded. Thus, we are limited to a determination of whether the IJ abused her discretion in making this alternative holding. See Elias- Zacarias, 502 U.S. at 481.

A well-founded fear of persecution is established if there "is a reasonable possibility of actually suffering such persecution if [the individual] were to return to [their country of last habitual residence]." 8 C.F.R. § 208.13(b)(2). After reviewing the record, this court recognizes that

4

reasonable persons might differ as to whether Saymeh's fear of persecution was well-founded. There is conflicting evidence in the record regarding his claim. However, to prove that the IJ abused her discretion, Saymeh is required to show, as a matter of law, that it was an abuse of discretion to deny his application based on the fact that Saymeh will not be forced to return to the country which is the situs of his fears. Saymeh has not cited case law which undermines the IJ's alternative determination. Moreover, the BIA order expressly adopted the IJ's alternative determination by stating:

> "In addition, regarding the issue of the respondent's fear of returning to Kuwait, we note that the Immigration Judge did not order respondent deported to Kuwait. Rather the respondent was ordered deported to Honduras or, in the alternative to Jordan. We therefore affirm the Immigration Judge's decision."

Having reviewed the record and the applicable law, we cannot say, as a matter of law, that it was an abuse of discretion for the IJ to deny asylum based on these facts.

## CONCLUSION

For the foregoing reasons we therefore affirm the BIA's decision to deny Saymeh's request for asylum.

AFFIRMED.

5