United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60420
Summary Calendar

_____

RAJNIKANT LALU VALLABH; JYOTSNABEN RAJNIKANT VALLABH;
NIMESH RAJNIKANT; RIMA RAJNIKANT,

Petitioners,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

--------------------
Petition for Review of Decisions of the
Board of Immigration Appeals
No. A75 016 213
No. A75 016 212
No. A75 016 211
No. A75 016 210
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mozambican citizens Rajnikant Lalu Vallabh ("Vallabh"),

his wife Jyotsnaben Vallabh ("Jyotsnaben"), and their children,

Nimesh Rajnikant and Rima Rajnikant, petition for review of the

decision of the Board of Immigration Appeals's (BIA) decision

affirming the Immigration Judge's (IJ) decision denying them

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

asylum and withholding of deportation without an opinion. The Vallabhs argue that the BIA deprived them of due process by failing to exercise discretion when reviewing the IJ's decision pursuant to the BIA's recently adopted policy allowing single-member decisions; that the IJ and BIA erred by holding the their persecution by armed members of the RENAMO party was not persecution on account of political opinion; and that the IJ and BIA erred by overlooking an additional, racial motive for persecution.

The BIA's single-member affirmance policy, set forth at 8 C.F.R. § 3.1(a)(7), does not violate the Due Process Clause. *Soadjede v. Ashcroft*, ___ F.3d ___ (5th Cir. Mar. 28, 2003), 2003 WL 1093979. The due process contention is unavailing.

The evidence indicated that Vallabh and Jyotsnaben were victims of thugs who were affiliated with the RENAMO party. However, evidence from the State Department did not indicate that RENAMO, an opposition party, engaged in organized political persecution. Moreover, Vallabh's testimony indicated that he was not a prominent or outspoken member of FRELIMO. The record suggested that the Vallabhs likely were victims of crime, not victims of political persecution.

The argument for racial persecution evidently is based on the Vallabhs' status as Indians living in Mozambique and the attackers' comment that they did not belong in Mozambique. That

comment was too vague necessarily to demonstrate any racial animus on the part of the attackers.

The Vallabhs and Rajnikants have failed to show that the IJ's decision was arbitrary, capricious, or an abuse of discretion. *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). Nor have they shown a clear probability of persecution on a prohibited ground. *Id*. at 749-50.

PETITION DENIED.