United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 02-60770
Summary Calendar

IGWEBUIKE SABASTINE ONWUEGBUZIE,

Petitioner,

versus

JOHN ASHCROFT, U S ATTORNEY GENERAL

Respondent.

**Petition for Review of an Order of the Board of Immigration
Appeals
(BIA No. A75-290-783)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Igwebuike Sabastine Onwuegbuzie, a native and citizen of
Nigeria, seeks review of the decision of the Board of Immigration
Appeals (BIA), which summarily affirmed the decision of the
immigration judge (IJ). Based on Onwuegbuzie's use of a false
document to obtain a visa, the IJ denied Onwuegbuzie's applications
for asylum and for a waiver of deportability. *See* 8 U.S.C. § 1182
(a) (6) (C) (i). Because the BIA used the streamlined review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

process, we review the IJ's decision and not that of the BIA. *See Soadjede v. Ashcroft*, 324 F.3d 830, 832 (5th Cir. 2003).

Onwuegbuzie first contends that the BIA should not have subjected his case to streamlined review because his case did not meet the statutory requirements for it. Under 8 C.F.R.§ 1003.1(a)(7)(ii), such review of an IJ's decision is proper if the single BIA member to whom the case is assigned

> determines that the result reached in the decision was correct; that any errors in the decision under review were harmless or nonmaterial; and that (A) the issue on appeal is squarely controlled by existing Board or federal court precedent and does not involve the application of precedent to a novel fact situation; or (B) the factual and legal questions raised on appeal are so insubstantial that three-Member review is not warranted.

Onwuegbuzie further contends that our standard of review on this issue is *de novo* because the BIA's determination that streamlined review is proper is a question of law. Although Onwuegbuzie is correct that the standard of review is *de novo*, we must give deference to the BIA in making its determination. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984); *see also Carbajal-Gonzales v. INS*, 78 F3d 194, 197 (5th Cir. 1996). Therefore, we should ask "whether the agency's answer is based on a permissible construction of the statute" and if so, we must defer to the agency's interpretation. *I.N.S. v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999). Moreover, when the question of

law involves internal procedures of the agency, reviewing courts are generally not free to impose procedures if the agency has chosen not to grant them. ***Vermont Yankee Nuclear Power Corp. v. NRDC***, 435 U.S. 519, 524 (1978).

Omwuegbuzie has not met his burden to show that the BIA's decision is based on an impermissible construction of the statute. Omwuegbuzie's contention is that the IJ's decision was not "correct" as required by 8 C.F.R. § 1003.1 (a)(7), essentially because he disagrees with the IJ's factual determinations. Because we give deference to the BIA member's determination that the IJ's decision was correct, we decline to hold that this decision was based on an impermissible construction of the statute.

Onwuegbuzie further contends that the streamlined review process violated his due process rights. This claim is foreclosed by our court's recent holding that this review procedure does not violate due process. ***Soadjede***, 324 F.3d at 832-33.

Onwuegbuzie next asserts that the IJ applied an erroneous standard to deny his application for a waiver of deportability. We need not analyze this issue because, under the transitional rules of the Illegal Immigrant Reform and Immigrant Responsibility Act of 1996 (IIRIRA), our review of the waiver decision is foreclosed. Under the IIRIRA's transitional rules, courts may not review the Attorney General's discretionary decisions over whether to suspend deportation. IIRIRA § 309(a), § 309(c)(4), 110 Stat 3009 (30

3

Sept., 1996); *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). The transitional rules apply because the proceedings commenced before April 1, 1997, and concluded more than 30 days after the IIRIRA's passage on September 30, 1996. IIRIRA § 309 (c)(4)(E)**; *Omagah*,** 288 F.3d at 258.

Onwuegbuzie next asserts that the IJ erred in denying asylum based on the IJ's finding that Onwuegbuzie did not demonstrate persecution, or a well-founded fear or future persecution, in Nigeria. This court will uphold the factual finding that an alien is not eligible for asylum if it is supported by substantial evidence, which requires only that the decision be based on the evidence presented and be substantially reasonable. *See, e.g., Carbajal-Gonzales v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). Here, substantial evidence supports the IJ's finding that, although Onwuegbuzie suffered some episodes of mistreatment, the mistreatment did not rise to the level of persecution. *See Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). With respect to future persecution, there is also substantial evidence in the record that the situation in Nigeria has improved and that Onwuegbuzie does not have a well-founded fear of such persecution.

*AFFIRMED*