United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**May 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60435
Summary Calendar
_____

LAURA ESTHER GONZALEZ-HERNANDEZ;
JULIAN MONCADA-GONZALEZ,

Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78-129-987
BIA No. A78-129-988
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Laura Esther Gonzalez-Hernandez and her minor son,
Juliana Moncada, both natives of Colombia, have filed a petition
for review of the decision of the Board of Immigration Appeals
(BIA) affirming the Immigration Judge's (IJ) denial of their
petition for asylum, withholding of removal, and relief under the
Convention Against Torture.

Gonzalez argues that the IJ employed the wrong legal standard

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and improperly weighed the evidence in determining that Gonzalez was not subject to persecution by the Autodefensas Unidas de Colombia (AUC) based on Gonzalez's political opinion.

Gonzalez was required to show that the persecutor's actions were motivated by Gonzalez's political opinion. Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 350-51 (5th Cir. 2002). Gonzalez has not shown by direct or circumstantial evidence that the AUC possessed information which indicated that Gonzalez held any particular political opinion. The mere fact that the AUC believed that Gonzalez called the police to arrest some of their members was not sufficient evidence to show that the AUC believed that Gonzalez's call was politically motivated. Gonzalez did not provide any evidence that she had made a political position known to the AUC members at any time or other evidence to show that the AUC could have imputed a political opinion to her. Cf. Briones v. INS, 175 F.3d 727, 729 (9th Cir. 1998) (en banc)(an adverse political opinion was attributed by the army to the petitioner who was actively involved in a fiercely ideological dispute between the Philippine government and the army).

Gonzalez argues for the first time in her reply to the Government's motion for a summary dismissal that she was persecuted because she was a member of a particular social group consisting of all persons who oppose the AUC. This court will not consider issues raised for the first time in a reply brief. Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 260 n.9 (5th Cir.

2

1995). In any event, Gonzalez has not shown that she was a member of a group of persons who shared a common characteristic that they either cannot change or should not be required to change because it is fundamental to their identities or consciences. Ontunez-Tursios, 303 F.3d at 352-53.

Gonzalez's remaining arguments concern the IJ's erroneous factfindings and misapplication of the correct standard of proof in determining whether she had been persecuted and whether it was more likely than not that she would suffer persecution if she returns to Colombia. Because Gonzalez has failed to show that any such persecution was the result of her political opinion or her participation in a political group, she has not shown that she was a refugee entitled to asylum. See 8 U.S.C. 1101(a)(42)(A). Thus, it is unnecessary to determine whether the IJ's determination that there was not a reasonable possibility that Gonzalez would be subject to persecution if she returns to Colombia was supported by substantial evidence.

To receive withholding of deportation, "the alien must demonstrate a clear probability of persecution on one of the enumerated grounds." Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994). Since Gonzalez failed to show a clear probability of persecution based on her political opinion or her participation in a social group, she is not entitled to withholding of deportation.

Gonzalez has not argued in her brief that she is entitled to relief under the CAT. Therefore, this issue is abandoned. See

3

Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The petition for review is DENIED. Respondent Ashcroft's motion to summarily deny the petition is DENIED as moot. Respondent Ashcroft's motion to waive the requirement to file a brief is GRANTED, and his motion to for an extension of time to file a brief is DENIED as unnecessary. Ashcroft's motion to file an out-of-time reply to the response is GRANTED.