# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60752
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2014

Lyle W. Cayce
Clerk

LILIANA NAOMI CONTRERAS-CONTRERAS,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 449 078

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

Liliana Naomi Contreras-Contreras has filed a petition for review of the decision denying her applications for asylum and withholding of removal.  She argues that the Board of Immigration Appeals (BIA) and the Immigration Judge (IJ) misapplied the law in denying her applications.  Contreras does not renew her argument that she is  entitled to relief under the Convention Against

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60752

Torture; therefore, any such argument is deemed waived. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

We review the conclusion that Contreras is not eligible for asylum or withholding of removal for substantial evidence, and reversal is not proper unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Because the BIA adopted and affirmed the IJ's decision, we may review both the decisions of the BIA and the IJ. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

A discretionary grant of asylum may be afforded to a "refugee," which is defined as a person who is outside of his country who is unable or unwilling to return "because of persecution or a well-founded fear of persecution," and who has demonstrated that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" for the persecution. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (citing 8 U.S.C. § 1101(a)(42)(A)); *see also* 8 U.S.C. § 1158(b)(1). To obtain withholding of removal, an applicant must meet the higher burden of showing that it is more likely than not that his life or freedom would be threatened by persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Orellana-Monson*, 685 F.3d at 518. Because the showing required to establish eligibility for withholding of removal is higher than that required to establish eligibility for asylum, the failure to establish eligibility for asylum forecloses eligibility for withholding. *Id.*

For the first time in this petition for review, Contreras argues that the BIA and the IJ erred in finding that she was not a member of a protected group because she is a member of a social group made up of young females targeted

by criminal organizations for sexual abuse. Contreras failed to raise this contention before the BIA; therefore, it is not exhausted and this court lacks jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1). Further, as it is her sole assertion of membership in a protected group, Contreras cannot show persecution "because of," or "on account of" her membership in a particular social group. *See* § 1252(b)(4)(B); *Orellana-Monson*, 685 F.3d at 518-19. Accordingly, we find it unnecessary to consider Contreras's additional argument that she has a well-founded fear of persecution if she returns to El Salvador. *See, e.g., Gonzalez-Hernandez v. Ashcroft,* 98 F. App'x 345, 346-47 (5th Cir. 2004) (declining to address issue of future persecution where petitioner failed to show membership in a protected group). The petition for review is DENIED.