**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 3, 2004**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

―――――――――――――

No. 03-60565

―――――――――――――

JUN ZHANG,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

―――――――――――――――――――――――――――――――――――――――――――

Petition for review of an Order of
the Board of Immigration Appeals
(BIA No. A76 939 781)

―――――――――――――――――――――――――――――――――――――――――――

Before BARKSDALE, EMILIO M. GARZA, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Jun Zhang has brought this petition for review of the decision of the Board of Immigration Appeals (BIA) ordering his deportation. After Zhang overstayed his visa and the INS instituted these proceedings, Zhang applied for asylum and withholding of deportation, and also sought relief from deportation under the Convention Against Torture.

The Immigration Judge (IJ), after an evidentiary hearing, granted relief under the Convention Against Torture, finding it more likely than not that Zhang would be subject to torture if he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were returned to China, but denying plaintiff's request for asylum and withholding of deportation. Both sides appealed to the BIA. The BIA, over the dissent of Board Member Villageliu, agreed with the INS and rejected Zhang's cross-appeal. The majority stated, among other reasons for siding with the INS, that "we find it unlikely that a government intent on persecuting the respondent would issue him a passport and allow him to leave the country in an orderly fashion."

The BIA disagreed with the IJ's conclusion that Zhang would likely face arrest and torture if he returned to China. The IJ's conclusion relied in part on the State Department's China Country Report on Human Rights Practices detailing the use of torture. The BIA, however, questioned why Zhang faces arrest if returned to China, noting that he owns two businesses in China which are still operating in his name, that "the authorities well knew his whereabouts and did not harm him even when he did not cooperate with them when he was questioned," and that "he was never physically or mentally harmed prior to his leaving China." The BIA also noted that the State Department report "reveals that the Chinese government is interested in combating corruption among its officials, even high-ranking persons," and that the report "indicates that the Chinese government investigates, and prosecutes when appropriate, complaints of torture, which rebuts the [IJ's] conclusion that essentially all detainees in Chinese facilities are subject to torture."

2

Zhang argues that he has a well-founded fear of persecution on account of his political opinions. We review the BIA's factual findings for substantial evidence. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). The BIA's "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We have reviewed the administrative record and cannot say that the BIA's determination that Zhang does not face a well-founded fear of persecution is unsupported by substantial evidence. The evidence would not compel any reasonable factfinder to find such a fear of persecution. Insofar as the BIA noted the absence of past persecution, we see no error in reasoning that the absence of past persecution weighed against finding a well-founded fear of persecution upon Zhang's return to China. Insofar as the BIA considered the State Department country report, we have noted that these reports are the "most appropriate and perhaps the best resource . . . to obtain information on political situations in foreign nations." *Rojas v. INS*, 937 F.2d 186, 190 n.1 (5th Cir. 1991).

Insofar as Zhang separately sought withholding of deportation, as a general rule if the petitioner fails to meet the well-founded fear standard for asylum, he does not meet the higher standard for withholding of deportation. *See Efe*, 293

F.3d at 906; *Jukic v. INS*, 40 F.3d 747, 749-50 (5ᵗʰ Cir. 1994).

As to the Convention Against Torture, we question whether this claim has been preserved for our review, since the entire argument in Zhang's opening brief regarding this claim is one sentence long. *See Dardar v. Lafourche Realty Co.*, 985 F.2d 824, 831 (5ᵗʰ Cir. 1993) ("Questions posed for appellate review but inadequately briefed are considered abandoned."); *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.2 (5ᵗʰ Cir. 1996) (holding that an appellant waives all issues not raised and argued in the initial brief on appeal). Assuming this issue was not waived, we cannot say that the BIA erred in finding that Zhang did not establish that he was more likely than not to face torture upon his return to China. *See Efe*, 293 F.3d at 907; 8 C.F.R. § 208.16(c)(2) (2003). The absence of past torture is relevant to this determination. *Id.* § 208.16(c)(3)(i).

PETITION DENIED.