United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60605
Summary Calendar

MADHUMITA BARUA,

Petitioner,

v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 104 155

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Madhumita Barua (the Petitioner) is a native and citizen of Bangladesh. She seeks review of

a Board of Immigration Appeals' (BIA) order denying her applications for asylum, withholding of

removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman

or Degrading Treatment or Punishment (CAT).

Because the BIA summarily affirmed and adopted the immigration judge's (IJ) opinion, we

review the IJ's factual findings and legal conclusions.[2] The IJ's legal conclusions are reviewed *de*

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]*Eduard v. Ashcroft*, 379 F.3d 182, 186 (5th Cir. 2004).

*novo.*[3] The IJ's factual findings will be upheld if supported by substantial evidence.[4] Substantial evidence is lacking only if the evidence is "'so compelling that no reasonable factfinder could fail to find' the petitioner statutorily eligible for relief."[5]

In this case, we cannot conclude that substantial evidence is lacking. To establish eligibility for asylum, an alien must demonstrate that she suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.[6] The persecution must be inflicted under government sanction,[7] including persecution by groups the government is unable or unwilling to control.[8] The record in this case does not compel a finding that the past harm suffered by the Petitioner was inflicted under government sanction. With regard to future persecution, the record does not compel the conclusion that Petitioner could not avoid persecution by relocating to another part of Bangladesh or that it would be unreasonable to expect her to do so.[9]

---

[3]*Mikhael v. INS*, 115 F.3d 299, 305 (5th Cir. 1997).

[4]*Id.* at 304; *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

[5]*Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 484 (1992)).

[6]*Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

[7]*Eduard v. Ashcroft*, 379 F.3d 182, 187 (5th Cir. 2004).

[8]*Adebisi v. INS*, 952 F.2d 910, 914 (5th Cir. 1992).

[9]*See Eduard*, 379 F.3d at 194.

The level of proof required for withholding of deportation is more stringent than for asylum.[10] Because the Petitioner has failed to meet the standard for asylum, she has also failed to meet the standard for withholding of removal.[11] In addition, the Petitioner has not established that "'more likely than not . . . she would be tortured if removed'" to Bangladesh, as required for relief under the CAT.[12] For these reasons, the petition for review is DENIED.

---

[10]*Mikhael v. INS*, 115 F.3d 299, 306 (5th Cir. 1997).

[11]*See Jukic v. INS*, 40 F.3d 747, 750 (5th Cir. 1994).

[12]*See Bah v. Ashcroft*, 341 F.3d 348, 351-52 (5th Cir. 2003) (quoting 8 C.F.R. § 208.16(c)(2)).