United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60829
Summary Calendar

FRANCIS KISABONGO YAFALI; PAULIN MILAMBO,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 907 458
BIA No. A95 907 459
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Francis Kisabongo Yafali and his brother, Paulin Milambo
Yafali ("the Yafalis"), citizens and natives of the Democratic
Republic of the Congo ("DROC"), petition for review of the
Board of Immigration Appeals' ("BIA") decision denying their
applications for asylum, withholding of removal, and relief under
the Convention Against Torture ("CAT"). Because the Board of
Immigration Appeals summarily affirmed without opinion the
immigration judge's (IJ) decision, the IJ's decision is the final

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agency determination for judicial review.  See Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003); 8 C.F.R. § 1003.1(e)(4)(ii).

The Yafalis first challenge the IJ's adverse credibility determination regarding their testimony that they were mistreated by police after being assaulted by a group of students on account of their membership in the Tutsi ethnic group.  They contend that the credibility determination was unwarranted because it was based on trivial discrepancies or omissions.

"[A] credibility determination may not be overturned unless the record compels it."  Lopez De Jesus v. INS, 312 F.3d 155, 161 (5th Cir. 2002).  The allegation that the Yafalis were mistreated by police was material to their claim for relief.  Because the IJ's finding regarding credibility was based on "a reasonable interpretation of the record and is therefore supported by substantial evidence," it will not be disturbed.  See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994).

The Yafalis argue that, even if the alleged mistreatment by police is discounted, they suffered mistreatment and persecution at the hands of the students and are therefore entitled to asylum.  The incident involving the students does not rise to the level of past persecution.  See Mikhael v. INS, 115 F.3d 299, 304 & n.4 (5th Cir. 1997); Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996).  Because the Yafalis did not demonstrate past persecution, they are eligible for asylum only if they have shown

that a reasonable person in the same circumstances would fear persecution if deported. See Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994). After reviewing the record, we have concluded that the BIA's denial of asylum is supported by substantial evidence. See Mikhail, 115 F.3d at 304.

The Yafalis next argue that they are entitled to withholding of removal. Because the Yafalis have not met the standard for asylum, they have not met the higher standard for withholding of removal. See Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002).

Finally, the Yafalis challenge the denial of relief under the CAT. Because the record does not compel the finding that the Yafalis met their burden to show that it is more likely than not than they would be tortured in the DROC, the denial of relief under the will be upheld. See Bah v. Ashcroft, 341 F.3d 348, 352 (5th Cir. 2003).

The Yafalis' petition for review is DENIED.