United States Court of Appeals,

Fifth Circuit.

No. 94-40375

Summary Calendar.

Zlatko JUKIC, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Dec. 22, 1994.

Petition for Review of Order from the Board of Immigration Appeals.

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Zlatko Jukic (Jukic), a citizen of Croatia, petitions for review of a final order of deportation by the Board of Immigration Appeals. We deny review.

## I. BACKGROUND

Jukic was born in Yugoslavia. He is a citizen of what now is known as Croatia. Jukic testified as follows at the hearing held before the immigration judge. Upon turning 18, he fulfilled compulsory military service in the Yugoslavian army for one year and was discharged in June of 1990. In the fall of 1990, Jukic entered the United States as a non-immigrant visitor for pleasure with authorization to remain until October 23, 1991. Jukic had purchased a round-trip plane ticket, intending to return home. While visiting his uncle in Chicago, his mother (who remained in Yugoslavia) informed him that she had received a notice recalling him to duty for the Yugoslavian government.

1

The political situation in Yugoslavia, of course, deteriorated rapidly after Jukic's departure.[1]  Jukic did not want to provide further military service to the then—communist government of Yugoslavia, and consequently, did not report after receiving the draft letter.

After hearing the evidence, the immigration judge determined that Jukic had failed to demonstrate a well-founded fear of persecution as set forth in the Immigration and Nationality Act. The Board of Immigration Appeals affirmed the decision of the immigration judge denying Jukic's request for asylum and withholding of deportation.  Jukic now petitions this Court for review of the deportation order.  He disputes neither that he remained in the United States beyond the authorized date nor that he is subject to deportation.  Instead, he argues that he was entitled to asylum and withholding of deportation.

## II. ANALYSIS

### A. WHETHER JUKIC HAS WAIVED HIS CHALLENGE TO THE BOARD'S DECISION.

The Immigration and Naturalization Service (INS) argues that Jukic has waived his claim because he challenges the order of the immigration judge rather than the ruling of the Board of Immigration Appeals which affirmed the immigration judge's order. The INS correctly argues that this Court is authorized to review the order of the Board rather than the order of the immigration

---

[1]The former Yugoslavia has since split into several different countries, including Croatia, Slovenia, and Bosnia-Herzegovina.  Macedonia has been recognized by the United States as an independent state.  The only two republics that appear to remain a part of former Yugoslavia are Serbia and Montenegro.

2

judge. *Castillo-Rodriguez v. I.N.S.,* 929 F.2d 181, 183 (5th Cir.1991). "We refuse, however, to allow a mere technicality in pleading to result in a denial of an opportunity for petitioner to obtain a decision on the merits." *Id.* We decline to find that Jukic has waived his claims and thus, will review them on the merits. *See id.* at 184.

B. WHETHER THE BOARD ERRED IN FINDING THAT JUKIC DID NOT QUALIFY FOR POLITICAL ASYLUM.

Jukic argues that the Board erred in not granting him political asylum. The Attorney General has the discretion to grant asylum to "refugees." 8 U.S.C. § 1158(a). The term "refugee" is statutorily defined as a person who is outside their country and unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To prove a "well-founded fear of persecution," Jukic must show that a reasonable person in the same circumstances would fear persecution if deported. *Castillo-Rodriguez,* 929 F.2d at 184.

The Board's factual finding that an alien is not eligible for consideration for asylum must be upheld if it is supported by substantial evidence. *Castillo-Rodriguez,* 929 F.2d at 184. To reverse the Board's decision, Jukic must "show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *I.N.S. v. Elias-Zacarias,* 502 U.S. 478, ----, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992). We will not reverse a finding simply because we differ

3

with the Board's evaluation of the facts. *Castillo-Rodriguez,* 929 F.2d at 184. Likewise, we will uphold the Attorney General's determination whether to grant asylum unless the petitioner shows that the action was arbitrary, capricious, or an abuse of discretion. *Id.*

Jukic argues that he fears persecution in Croatia based on his political opinion and his membership in a particular social group. Specifically, he argues that he fears persecution by the Serbian army based on his political opinion because he previously served in that army and since then has ignored a draft notice sent by them. Jukic further argues that he fears persecution by his people (the Croatians) because he did not return to help defend his country during the outbreak of the war. As a result of his failure to return and fight, he contends that the Croatians consider him a traitor.

At the hearing on August 26, 1993, Jukic testified that it had been two years since he received the draft notice from the Serbian army and that he had received no further letters. Moreover, it is not clear that the Serbian army that sent the draft notice is the same as the Yugoslavian army in which Jukic previously served. As the Board of Immigration Appeals found, Jukic made broad allegations regarding his fears, but did not produce evidence to substantiate those allegations. There was no showing that the Croatians would view Jukic as a traitor for his prior compulsory military service in the former Yugoslavian army. Jukic has failed to demonstrate that he will be persecuted by either people based on

4

his political opinion or social group, "rather than because of his refusal to fight with them." *See Elias-Zacarias,* 502 U.S. at ----, 112 S.Ct. at 816.

Having examined the record, we conclude that Jukic failed to "show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* 502 U.S. at ----, 112 S.Ct. at 817. Accordingly, the Board's determination that he was not entitled to asylum must be upheld.

## C. WITHHOLDING OF DEPORTATION

Jukic also argues that the Board erred in denying him a withholding of deportation. *See* 8 U.S.C. § 1253(h)(1). Pursuant to § 1253(h)(1), the Attorney General shall not deport an alien if the alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a social group, or political opinion. To fall under that provision, the alien must demonstrate a clear probability of persecution on one of the enumerated grounds. *Castillo-Rodriguez,* 929 F.2d at 185. The showing necessary to prove a clear probability of persecution is higher than that required to prove a well-founded fear of persecution under the asylum remedy. *Id.* Because we have found that Jukic failed to prove he was entitled to asylum, *a fortiori,* he is ineligible for withholding of deportation.

For the foregoing reasons, the petition for review is DENIED.

5