**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-60560
Summary Calendar

MIGUEL OXLAJ HERNANDEZ,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

Appeal from an Order of the
the Board of Immigration Appeals
A74-263-571

July 6, 1999

Before POLITZ, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Miguel Oxlaj Hernandez, a native and a citizen of Guatemala, seeks review of an order by the Board of Immigration Appeals which adopts the decision of the immigration judge denying his application for asylum and for the withholding of deportation. For the reasons assigned, we must deny Hernandez's petition.

On July 21, 1995, the Immigration and Naturalization Service issued a show cause order asserting that Hernandez was subject to deportation because he had entered the United States without inspection. At the subsequent hearing Hernandez

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testified that in October 1992, when he was approximately 16 years old, guerrillas abducted him from his home and attempted to recruit him. After he made clear his refusal to steal or kill to further their cause they released him. Shortly thereafter several soldiers seized him and questioned him about the guerrillas. His initial denial of any knowledge yielded to threats and physical abuse and he led the soldiers to the approximate location of the guerrillas in the mountains and then escaped.

Hernandez did not return home but fled Guatemala, fearing retribution from both the guerrillas and the soldiers. According to his parents "they" have subsequently returned several times looking for him.

The Board of Immigration Appeals credited Hernandez's account, but found that he failed to demonstrate a well-founded fear of persecution on any of the five grounds recognized for asylum – race, religion, nationality, membership in a particular social group, or political opinion.[1]

Our review of the record and the briefs persuades that the decision of the Board of Immigration Appeals is supported by substantial evidence.[2] Though we

---

[1] Immigration and Nationality Act, 8 U.S.C. § 1101(a)(42)(A); **Jukic v. INS**, 40 F.3d 747 (5th Cir. 1994).

The Board of Immigration Appeals also cited a U.S. Department of State "country report" detailing a peace treaty between the Guatemalan government and the guerrillas and concluding that individuals suffering harassment at the hands of the military or the guerrillas could generally find peaceful residence elsewhere in the country. Thus, the Board noted, even if, after the passage of so many years, some lingering animosity remained against Hernandez, he could move to another part of Guatemala.

[2] **Carbajal-Gonzalez v. INS**, 78 F.3d 194 (5th Cir. 1996).

are indeed sympathetic to Hernandez's plight,[3] we are bound by the law to DENY

his petition for review.

---

[3] **INS v. Elias-Zacarias**, 502 U.S. 478 (1992) (Stevens, J., dissenting, joined by Blackman and O'Connor, J.J.).