IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60743
Summary Calendar
_____

JAIME A. MORENO,

Petitioner,

versus

JOHN ASHCROFT, U.S. Attorney General,

Respondent.

_____

Petition for Review of an Order
of the Board of Immigration Appeals
(A75 347 107)

_____

May 22, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Petitioner Jaime Moreno seeks review of the denial of his application for asylum and withholding of deportation. An immigration judge denied his application, and the Board of Immigration Appeals dismissed his appeal. We deny Moreno's petition.

Our review of the Attorney General's denial of Moreno's application is sharply circumscribed by the Immigration and

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nationality Act, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996.[1]  It states that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."[2]  With respect to the decision to grant asylum, "the Attorney General's discretionary judgment whether to grant relief . . . shall be conclusive unless manifestly contrary to the law and an abuse of discretion."[3]

In this case, the BIA dismissed Moreno's appeal for the reasons contained in the IJ's ruling.  Thus, we review the factual findings of the IJ under the standard required by the IIRIRA.[4]  If Moreno fails to show either that he has suffered past persecution or has a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion,"[5] he is not eligible for asylum or withholding of removal.  Because we uphold the IJ's determination that Moreno

---

[1] Pub. L. No. 104-208, 110 Stat. 3009-546 (1996) (codified in portions of 8 U.S.C.).

[2] 8 U.S.C. § 1252(b)(4)(B).

[3] 8 U.S.C. § 1252(b)(4)(D).

[4] *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

[5] 8 U.S.C. § 1101(a)(42) (defining "refugee").  8 U.S.C. § 1158 gives the Attorney General discretion to grant asylum to an alien meeting this definition of refugee.  Likewise, 8 U.S.C. § 1231(b)(3)(A) requires the Attorney General to withhold removal when the alien meets these same requirements for refugee status, except that the alien must show by a "clear probability" that he would be persecuted, not merely a "well-founded fear."  *See Mikhael*, 115 F.3d at 306. Since we do not overturn the IJ's asylum ruling that Moreno had no "well-founded fear" of future persecution, *a fortiori* the IJ's withholding of removal decision cannot be overturned.  *See Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994).

2

did not suffer past persecution and has no well-founded fear of persecution, we need not address the remaining requirements for overturning the BIA's ruling.

The IJ noted inconsistencies in some of Moreno's testimony, but generally credited Moreno's account of his treatment by the El Salvadorean government and guerrilla forces. The IJ found that Moreno had been forcibly recruited into the civil patrol by the government of El Salvador, and that he had been captured and held by guerrillas. Although he was mistreated by the guerrillas, the IJ found that the mistreatment was not severe and did not constitute torture. The IJ thus concluded that Moreno was not the victim of past persecution.[6]

The IJ also found that Moreno did not have a well-founded or reasonable fear of future persecution. Moreno testified that he fears future attempts at recruitment by the guerrillas; he also fears that they may try to kill him for refusing to join them. The IJ, however, cited a State Department report detailing the greatly improved human rights situation in El Salvador, which has continuously improved since a peace accord between the government and guerrillas in 1992. The report noted that the guerrillas are fully integrated into the government and no longer engaging in organized, politically motivated violence.

---

[6] This ruling is consistent with the ruling under similar facts upheld by this court in *Mikhael*, 115 F.3d at 303-04.

The IJ's findings are amply supported by the administrative record. After a review of the entire record in this case, we cannot say that "any reasonable adjudicator would be compelled to conclude to the contrary." Thus, we cannot overturn the IJ's findings that there was no past persecution and no well-founded fear of future persecution. Without a showing of past persecution or well-founded fear of future persecution, Moreno is entitled to no relief from his removal order. Thus, we DENY his petition.

4