United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60241
_____

MEENA SOBNAM,

Petitioner,

versus

JOHN ASHCROFT, United States
Attorney General,

Respondent.

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A72 568 360)

_____

Before KING, Chief Judge, REAVLEY and STEWART, Circuit Judges.

PER CURIAM:*

Meena Sobnam, a native and citizen of Bangladesh, petitions for review of the

Board of Immigration Appeals' (the Board) denial of her Motion to Reopen and

Reconsider her application for asylum and withholding of deportation. We deny her

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition for the following reasons:

1.    As Sobnam presented new evidence to supplement the record before the Board, we construe her motion as a Motion to Reconsider and Reopen. See 8 C.F.R. § 3.2 (b), (c) (2001). We review the denial of a Motion to Reconsider and Reopen presented pursuant to that regulation for abuse of discretion. See Osuchukwu v. INS, 744 F.2d 1136, 1141 (5th Cir. 1984).

2.    Under this standard of review, we may not reverse if the Board has acted within the bounds of the abundant discretion granted it by Congress. We must affirm the Board's decision, even a decision we believe is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." Osuchukwu, 744 F.2d at 1142. An alien seeking asylum bears the burden of proving either past persecution, which this court has previously held that Sobnam failed to do, or a well-founded fear of future persecution. See 8 C.F.R. § 208.13(a),(b) (2001). To prove a well-founded fear of future persecution, the alien must show that "a reasonable person in the same circumstances would fear persecution if deported." Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994). Even if we were to review the decision underlying the Board's denial of Sobnam's Motion to Reopen and Reconsider under the substantial evidence standard of

2

review,[1] "to obtain judicial reversal of the BIA's determination, [Sobnam] must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

3. The Board did not abuse its discretion concluding that the evidence of the Bangladeshi National Party's (BNP) reelection in 2001 was not material to its determination that Sobnam did not establish a well-founded fear of future persecution. We cannot say it was irrational for the Board to determine that Sobnam did not have a well-founded fear of future persecution regardless of whether or not the BNP controlled Bangladesh, as the Board concluded that she failed to establish that she was a victim of past persecution on the basis of her political views under the previous BNP regime.

4. Nor can we say that it was outside the realm of possibility that the Special Powers Act warrant for Sobnam's arrest was issued in connection with her participation in a demonstration that caused a public disturbance and not on the basis of her political views. Sobnam, who bears the burden of proving a well-founded fear of

---

[1] Sobnam's Petition for review was filed within 30 days of the Board's denial of her Motion to Reconsider and Reopen but more than 30 days after the Board's denial of her application for asylum and withholding of deportation. Thus, under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (IIRIRA), we may only review the Board's denial of her Motion to Reconsider and Reopen and not the underlying denial of asylum and withholding of deportation. See IIRIRA § 309(c)(4); Stone v. INS, 514 U.S. 386, 397-98 (1995).

persecution, has not offered evidence which compels the conclusion that she was arrested for her political opposition to the BNP. Nor has she presented evidence that compels the conclusion that she has been targeted for persecution, as the record does not conclusively establish why the SPA warrant was issued for her arrest. Thus, the BIA was within its discretion to refuse to reconsider its conclusion that a reasonable person in Sobnam's position would not fear persecution if returned to Bangladesh. We are sympathetic to Sobnam's arguments and we may have come to a different conclusion had we evaluated the evidence in the first instance. We are constrained, however, by the Supreme Court's command that we may not reverse a decision of the Board unless we find that the BIA abused its expansive discretion. See INS v. Doherty, 502 U.S. 314, 322-24 (1992); INS v. Abudu, 485 U.S. 94, 107-110 (1988).

The Board did not abuse its discretion by declining to reopen proceedings to consider the 2001 reelection of the BNP, nor did it abuse its discretion by declining to reconsider the nature of the SPA warrant. Sobnam's petition for review of the Board's denial of her Motion to Reopen and Reconsider is DENIED.

4