**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 6, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-60725**
**Summary Calendar**
_____

**NGOZI VICTORIA OSIGWE;**
**CHIBUNDU CAJETAN OSIGWE,**

**Petitioners,**

**versus**

**JOHN ASHCROFT, U.S. ATTORNEY GENERAL,**

**Respondent.**

--------------------
**Petition for Review of an Order of the**
**Board of Immigration Appeals**
**BIA Nos.  A70 958-627 &**
**A70 958-626**
--------------------

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ngozi Victoria Osigwe and her husband, Chibundu Cajetan Osigwe, natives and citizens of Nigeria, have filed a petition for review of the Board of Immigration Appeals' (BIA) summary decision denying their appeal from the Immigration Judge's (IJ) order denying their application for asylum, withholding of removal, and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for protection under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (Convention Against Torture Act). The Osigwes contend that their minor daughter, who is a United States citizen, will be compelled to undergo female genital mutilation (FGM) if the family returns to Nigeria.

The IJ correctly determined that the Osigwes are not eligible for asylum under the general asylum provisions based solely on their daughter's risk of being subject to FGM if she is returned to Nigeria. See Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994). However, the Osigwes may be eligible for a "'humanitarian' grant of asylum," a claim that they raised before the IJ. Krastev v. INS, 292 F.3d 1268, 1271 (10th Cir. 2002). The Government acknowledges that the Osigwes have exhausted their administrative remedies with respect to this claim and concedes that the case must be remanded to the BIA to determine in the first instance whether the Osigwes warrant a discretionary grant of humanitarian asylum and withholding of removal. The petition for review is GRANTED with respect to the claims of humanitarian asylum and the withholding of removal claims.

Although the Osigwes' citizen child would be subject to the risk of torture if she was returned to Nigeria, the Osigwes do not fall within the parameters of the Convention Against Torture Act based on their knowledge that their daughter faced a risk of being tortured. See Zubeda v. Ashcroft, 333 F.3d 463, 471 (3rd

Cir. 2003). Thus, the petition for review is DENIED with respect to this claim.

The Osigwes' petition for review is GRANTED in part, and the matter is VACATED and REMANDED to the BIA so that the BIA can address the Osigwes' claims of humanitarian asylum and withholding of removal based on the severity of Mrs. Osigwe's past persecution or some other serious harm she may experience upon return to Nigeria. See Rivas-Martinez v. INS, 997 F.2d 1143, 1148 (5th Cir. 1993).

PETITION GRANTED IN PART AND DENIED IN PART; VACATED AND REMANDED.