United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 03-60142
Summary Calendar

————————————

HELEN SEIFU,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 583 025
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges

PER CURIAM:[*]

    Helen Seifu has filed a petition for review of the Board of
Immigration Appeals' (BIA) summary decision denying her appeal
from the Immigration Judge's (IJ) order denying her application
for asylum and withholding of removal.  Seifu contends that she
will be subjected to persecution on the basis of her gender and
that relief is warranted by her prior subjection to female
genital mutilation.

---

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The record does not contain significant evidence which would compel a finding that "a reasonable person in [Seifu's] circumstances would fear persecution." See Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994). As a married woman whose husband has been deported and who has already been subjected to female genital mutilation, the danger to Seifu of marital rape, wife-beating, female genital mutilation, and abduction as a form of marriage is attenuated. Further, the act of female genital mutilation is unfortunately the very fundamental change required to rebut the presumption of persecution created by the showing of past persecution. Though the threat of employment discrimination and general gender-based persecution may remain real, the decision to deny asylum is not substantially unreasonable. See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

PETITION DENIED.