United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-61050
Summary Calendar

YOUSEF MOHAMMED ALAMI,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 661 901
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Yousef Mohammed Alami ("Alami"), a Palestinian from the West
Bank, petitions this court for review of the Board of
Immigrations Appeals's ("BIA") affirmance of the Immigration
Judge's ("IJ") decision denying his application for asylum and
withholding of removal. Alami argues that the IJ and BIA's
rejection of his claim that he had a well-founded fear of
persecution if he returned to the West Bank was not supported by
substantial evidence because the evidence compelled the
conclusion that he had a well-founded fear that he would be

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

individually persecuted and that Israel had a pattern or practice of persecuting Palestinian Muslims in the West Bank. Alami further contends that the IJ did not set forth an adequate basis for the denial of this claim. Alami also asserts that the evidence compelled the conclusion that he suffered past persecution and that this matter must be remanded because the IJ and the BIA failed to address his claim of past persecution.

Because the BIA generally adopted the decision of the IJ, writing separately only regarding a peripheral issue that is not raised in Alami's petition for review, we review that IJ's decision in this matter. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). Substantial evidence supports the IJ's finding that Alami did not show that he had a well-founded fear of being persecuted if he returned to the West Bank. See id. at 304. Furthermore, as the evidence supported the IJ's finding that the violence against Palestinians in the West Bank was part of ongoing civil strife, the IJ's determination that Alami had not established a pattern or practice of persecution against Palestinians or Muslims was supported by substantial evidence. See id. Because the IJ's determination that Alami was not eligible for asylum based upon his claim of a well-founded fear of persecution was supported by substantial evidence, her denial of Alami's request for withholding of removal was also supported by substantial evidence. See Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994). Additionally, the IJ's ruling reflects "meaningful

consideration of the relevant substantial evidence" supporting Alami's claim and was sufficiently detailed.  See Abdel-Masieh v. INS, 73 F.3d 579, 585 (5th Cir. 1996).

The record shows, however, that Alami clearly raised the claim that he suffered past persecution and neither the IJ nor the BIA considered this claim in their rulings.  An alien may establish that he is eligible for asylum by showing that he suffered past persecution.  See 8 C.F.R. § 208.13(b).  As the IJ and the BIA failed to address this issue, this matter must be remanded to the BIA for a determination of this issue.  See Eduard v. Ashcroft, 379 F.3d 182, 196 (5th Cir. 2004).  Because this issue was not ruled upon below, we cannot consider Alami's assertion that the evidence compelled a finding that he suffered past persecution.  See INS v. Ventura, 537 U.S. 12, 16-17 (2002).

Accordingly, Alami's petition for review is GRANTED IN PART and DENIED IN PART.  The BIA's affirmance of the IJ's denial of Alami's application for asylum and withholding of removal is VACATED IN PART and this matter is REMANDED to the BIA for further proceedings consistent with this opinion.