United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60153
Summary Calendar

_____

NAZIA K. NOORANI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of
the Board of Immigration Appeals
USDC No. A79-550-349
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Nazia K. Noorani seeks review of a Board of Immigration Appeals' decision affirming the denial of a petition for withholding removal by an Immigration Judge and a request for asylum. Noorani is a native of Pakistan, and is a Shia Muslim. She points to significant tension in Pakistan between Shia Muslims, a minority sect, and Sunni Muslims, the large majority of the population. The mosque where Noorani worships was attacked by Sunnis in 1990 and in 1996. She came to the United States in 1998,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and claims that if she were to return to Pakistan she would be a victim of escalating violence between the Sunni and Shia sects. The Immigration Judge denied both the asylum and withholding of removal claims, and was the BIA adopted and affirmed the decision without opinion.

Ordinarily, we review only BIA decisions and do not consider the decision of the Immigration Judge. Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). Here, however, the BIA adopted the reasoning of the Immigration Judge and we review the IJ's decision. We uphold the Immigration Judge's decision unless the evidence compels the opposite outcome. Jukic v. I.N.S., 40 F.3d 747, 749 (5th Cir. 1994).

The withholding of removal is mandatory if Noorani proves that her "life or freedom would be threatened ... because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). She must establish a clear probability that it is "more likely than not" that her life or freedom would be threatened on return to her country. I.N.S. v. Stevic, 467 U.S. 407, 429-30 (1987). Noorani has presented evidence of sporadic attacks on her family mosque with tear gas as recently as 1996, and general evidence that there is increasing tension between the two groups. This is insufficient to compel the opposite outcome of the IJ's decision. We therefore AFFIRM.