United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60351
Summary Calendar

MARIA MARGARITA DEL MOYA,

                              Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                              Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95-886-270

Before HIGGINBOTHAM, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Maria Margarita Del Moya, a native and citizen of Colombia, petitions for review of an order by the BIA denying her application for asylum. Moya argues that she suffered past persecution and fears future persecution on account of her political opinion and that the BIA erred in finding to the contrary.

We will uphold the BIA's factual finding that an alien is not eligible for asylum if supported by substantial evidence.[1]

---

[*] Pursuant to the 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

Under this substantial evidence standard, we cannot reverse the BIA's factual determinations unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence compels it."[2]

Moya's credited testimony relating to threats she received does not compel us to conclude either that she suffered past persecution or that she has established a well-founded fear of future persecution upon repatriation based on political opinion.[3] The threats stem from Moya's statements advising displaced youth at her place of work, a social program to provide food and other assistance to displaced individuals, to resist recruitment into FARC, a guerilla movement, because they were too young to be involved in "weapons and drugs." The IJ found that the FARC's interest in Petitioner did not stem from any immutable characteristic, such as membership in a specific group.[4] Though the "Liberal Party" sponsored her place of employment, no record evidence demonstrates that Moya was a member of the party or that her statements were motivated by the group's political views. Relying on *Elias-Zacarias*, we have held that persecution because of refusal to fight with a particular group is not persecution on

---

[2] *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005) (internal quotation marks and citations omitted).

[3] *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992); *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

[4] When the BIA adopts without opinion an IJ's decision, we review the IJ's decision. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

account of political opinion.[5]  "Even a person who supports a guerilla movement might resist recruitment for a variety of reasons" besides political opinion.[6]  The IJ further found that her intention, if returned to Colombia, to continue to counsel displaced persons from joining FARC belied the reasonableness of her purported fear.[7]

Because the BIA's decision rests on substantial evidence, the petition for review is DENIED.

---

[5]  *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994).

[6]  *Elias-Zacarias*, 502 U.S. at 482.

[7]  *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001) ("To show a well-founded fear of persecution, an alien must have a subjective fear of persecution, and that fear must be objectively reasonable.").