United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 5, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-61088
Summary Calendar

MESFIN SEBSIBE ZELEKE,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 261 385
--------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Mesfin Sebsibe Zeleke petitions for review of the final order of the Board of Immigration Appeals (BIA) that affirmed the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), and for voluntary departure. Zeleke's motion to stay his deportation is denied.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Zeleke argues that substantial evidence does not support the Immigration Judge's (IJ) and BIA's findings that his testimony was incredible. He contends that the record should compel a finding of persecution. Zeleke argues that the noted inconsistencies do not suggest that his claims are implausible. His argument that government neglect can explain the inconsistencies in his story is contradicted by his claims at the hearing and in his affidavit that the government was targeting his entire family as members and supporters of the Oromo Liberation Front (OLF).

Regarding his failure to provide corroborating evidence, Zeleke admits the lack of corroboration but argues that it should not be fatal to his credibility. He cites 8 C.F.R. § 208.13(a), which provides that the applicant's testimony, if credible, may be sufficient to sustain the burden of proof without corroboration. However, the IJ and BIA found that he was not credible due in part to the lack of corroborating evidence.

Zeleke argues that corroboration is required only when the expectation is reasonable. He states that he did later obtain a document recording the burial of his father from the church, and he asserts that it was attached to his brief to the BIA. He admits that the administrative record does not contain such a document, but he has not requested leave to supplement the record. Further, the document would show the fact and date of his father's burial, but it would not show the cause of his death.

Although the testimony of Zeleke's sister could have potentially corroborated many of his claims, Zeleke simply states that she could have testified only as to his identity as her brother. The IJ correctly stated that his sister could have testified based on her personal knowledge about the circumstances of their father's torture and death and her own persecution, which would have corroborated Zeleke's claims of persecution suffered by his family. This in turn would have bolstered

his own claims of persecution. Zeleke's failure to call her as a witness, when it was reasonable and possible for him to do so,  seriously undermined his credibility.

Zeleke has not shown that the evidence he presented is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *Jukic v. I.N.S.*, 40 F.3d 747, 749 (5th Cir. 1994).

For the same reasons, Zeleke cannot show that he meets the higher standard for withholding of deportation, *see Mikhael v. I.N.S.*, 115 F.3d 299, 306 & n.10 (5th Cir. 1997), or the higher showing of torture under the Convention Against Torture (CAT). *See Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002).

PETITION FOR REVIEW DENIED; MOTION TO STAY DENIED.