# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2009

Charles R. Fulbruge III
Clerk

No. 07-60709
Summary Calendar

LAN OUYANG

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 648 380

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges
PER CURIAM:[*]

Lan Ouyang petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's decision to deny her application for asylum and withholding of removal under both the Immigration and Nationality Act (INA) and the Convention Against Torture (CAT). We will uphold the BIA's determination that Ouyang is not eligible for asylum or withholding of removal if that determination is supported by substantial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence.[1] The substantial evidence standard requires that the decision be based on the evidence presented and that the decision be substantially reasonable.[2]

The Respondent contends that Ouyang has waived her claims concerning asylum based on past persecution and relief under the CAT by failing to argue them in the body of her brief. This contention is accurate. We thus decline to consider Ouyang's claims related to asylum based on past persecution and CAT relief and consider only those claims related to INA relief that she has argued in her brief.

Ouyang argues that she fears future persecution, and thus is entitled to asylum and withholding of removal, because the birth of her second child places her in violation of China's population control policy. She also contends that she is entitled to withholding of removal because she has shown that she was forced to undergo an abortion in 1994 and thus has established past persecution. Ouyang has not shown that the evidence she adduced "'was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'"[3] Ouyang also has not shown that the evidence compels a conclusion contrary to the BIA's rejection of her claims.[4]

Ouyang's petition for review is DENIED.

---

[1] *Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994).

[2] *See Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

[3] *See Jukic v. INS,* 40 F.3d 747, 749 (5th Cir. 1994) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992)).

[4] *See Carbajal-Gonzalez*, 78 F.3d at 197.