**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 26, 2009

Charles R. Fulbruge III
Clerk

No. 07-60977
Summary Calendar

ERNEST CHENWI AFATIKA, also known as Ernest Atoh Shu, also known
as Ernest Afatika, also known as Shu Ernest Atoh

Petitioner

v.

ERIC H. HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 709 182

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner, a native and citizen of Cameroon, entered the United States in March 2004 with a passport and visa in the name of Ernest Atoh Shu. Months later, he sought asylum under the name Ernest Chenwi Afatika, asserting that he had suffered persecution, including imprisonment and torture, due to his membership in the Southern Cameroon National Council (SCNC). Believing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that petitioner was not Afatika but was, in fact, Ernest Atoh Shu, the office of Immigration and Customs Enforcement began removal proceedings. Over the course of several hearings, petitioner and the Government submitted numerous documents, and petitioner testified regarding his identity, his political activities in Cameroon, and the circumstances of his escape from prison and journey to the United States.

The Immigration Judge (IJ) issued a lengthy and detailed oral ruling, concluding that petitioner (whom the IJ found "speaks the English language fluently as noted in his asylum application") was not a credible witness, "[a]fter observing [his] demeanor while testifying" and citing numerous inconsistencies in petitioner's testimony and documentary evidence. The IJ concluded that petitioner had not carried his burden of establishing his identity or his entitlement to asylum or withholding of removal. Based largely on this adverse credibility determination, the IJ separately concluded that petitioner had not shown that he was entitled to protection under the Convention Against Torture (CAT). The Board of Immigration Appeals (BIA) agreed with the IJ's credibility determinations in relevant respects[1] and affirmed. This timely petition for review followed.

The BIA approved of and relied on the IJ's relevant credibility findings; thus, we may review those findings of the IJ. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). We review the factual findings and the credibility determinations under the familiar substantial evidence standard and will reverse only if the record compels a contrary conclusion. *Carbajal-Gonzalez v.*

---

[1] The BIA noted that the IJ's "adverse credibility finding, which was based on inconsistencies involving matters such as the respondent's identity, the nature of his political involvement in Cameroon, the circumstances of his application for a United States nonimmigrant visa, as well as the time and circumstances of his learning that he would be escaping from prison and out of Cameroon, is supported by the record. The concerns raised by the Immigration Judge have not been persuasively explained before the Immigration Judge or on appeal before us."

*INS*, 78 F.3d 194, 197 (5th Cir. 1996); *Lopez De Jesus v. INS*, 312 F.3d 155, 161 (5th Cir. 2002) (footnote omitted). We conduct this review in light of the established standards for asylum, withholding of removal, and CAT relief. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994).

Petitioner argues that the IJ focused on minor discrepancies in his testimony, namely an evidently erroneous conclusion by the IJ regarding the dates that petitioner was in the hospital; a variance between the spelling of "Afatika" on the birth certificate and asylum application; and a discrepancy regarding when his father visited him. Nevertheless, the record as a whole amply supports the denial of relief under the substantial evidence standard. The conflicting and unexplained testimony and circumstances surrounding, inter alia, the completion and submission of petitioner's non-immigrant visa application, his escape, and his lack of any documents affirmatively identifying him as anyone other than Ernest Atoh Shu, support the determination that petitioner had not established his identity. His claims for asylum and withholding of removal necessarily fail. *See, e.g., Matter of O-D-*, 21 I & N Dec. 1079, 1082 (BIA 1998).

We also reject petitioner's argument that there is an inconsistency between the denial of relief on the one hand and the IJ's conclusions that petitioner might fear return to Cameroon, and that there is a pattern and practice of persecution in Cameroon. The IJ made clear that although some of petitioner's testimony might be true, other parts of his testimony made it difficult to determine the facts. Further, the IJ concluded that petitioner had not shown that he was included or identified in any persecuted group.

Finally, with respect to the CAT claim, the IJ separately determined that, largely because of his lack of credibility, petitioner could not carry his burden of proof. That conclusion was again supported by substantial evidence. Although

a CAT claim is analytically distinct from claims for asylum and withholding of removal, *see Efe*, 293 F.3d at 906-07, the adverse credibility determination with respect to petitioner's claims, particularly his identity, supports a finding that petitioner has not shown that he would be tortured. *See id.* at 907-08. Petitioner's claim of analytical error by the BIA on this point is without merit. *See id.*

For the foregoing reasons, the petition for review is DENIED.