# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-60319
Summary Calendar

ARLYN CHAPAS-OSORTO

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 197 441

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Arlyn Chapas-Osorto (Chapas) petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for withholding of removal. She argues that, because no particular social group was identified in the administrative proceedings, it is impossible to determine whether she established eligibility for withholding of removal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court will uphold the findings that an alien is not eligible for withholding of removal if that finding is supported by substantial evidence. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). The substantial evidence standard requires that the decision be based on the record evidence and that the decision be "substantially reasonable." *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). Under this standard, the BIA's determination will be affirmed unless the "evidence compels a contrary conclusion." *Id.* Further, the petitioner bears the burden of showing "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Jukic v. I.N.S.*, 40 F.3d 747, 749 (5th Cir. 1994)

Chapas failed to carry her burden in this case. The record does not establish that Chapas suffered past persecution or has a well-founded fear of persecution based on a protected ground. *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994); *Girma v. INS*, 283 F.3d 664, 667 (5th Cir. 2002); *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). Because Chapas did not demonstrate a clear probability that she would be persecuted if she returned to Honduras, she is not eligible for withholding of removal. Accordingly, the petition for review is DENIED.