# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2010

No. 09-60366
Summary Calendar

Charles R. Fulbruge III
Clerk

GUILBER ARIEL DE LEON-LOPEZ, also known as Wilbert De Leon,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 619 483

Before GARZA, CLEMENT, and OWEN. Circuit Judges.

PER CURIAM:[*]

Guilber Ariel De Leon-Lopez (De Leon) petitions for review of the Board of Immigration Appeals's (BIA) determination that he is not entitled to withholding of removal. De Leon sought withholding of removal because of past persecution and the likelihood of future persecution on account of his political opinion and membership in a particular social group, namely, "individuals persecuted by the guerillas." De Leon presented evidence that he and his family

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were threatened by guerillas in Guatemala and that his father and brother were killed by the guerillas for refusing to join them.

The Government contends that De Leon has waived consideration of the BIA's determination that he is not entitled to withholding of removal by failing to adequately contest this finding in his brief. We need not resolve whether De Leon has preserved review because his petition is without merit. De Leon has not demonstrated that he is a member of a particular social group. *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006). Nor has he shown that his and his family's refusal to join the guerrillas constitutes persecution on account of political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481-82 (1992); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). Accordingly, substantial evidence supports the BIA's determination that De Leon was not entitled to withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). The petition for review is DENIED.