# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2010

No. 09-60657
Summary Calendar

Lyle W. Cayce
Clerk

EDGAR ARMANDO CANIZ-GARCIA; GLORIA MARINA ORDONEZ,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A070 526 768
BIA No. A072 453 754

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Edgar Armando Caniz-Garica (Caniz) and his wife, Gloria Marina Ordonez, petition for review of the denial of their applications for asylum, withholding of removal, cancellation of removal, and relief under the Nicaraguan Adjustment and Central American Relief Act (NACARA). We review factual findings of the BIA and IJ for substantial evidence and questions of law de novo. *Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007). Under substantial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence review, we may not reverse factual findings unless the evidence compels a contrary conclusion. *Id.*

According to Caniz, the record establishes that he is likely to face persecution if he is removed to Guatemala because his father was killed due to his participation in the Christian Democracy Party. The denial of his applications for asylum and withholding of removal is supported by substantial evidence. *See id.* Caniz has not identified the people who killed his father or alleged or shown that he has received threats from the same people. His mother and sister live in his hometown and have not been harmed, and he has returned to Guatemala at least twice and has not suffered any harm. *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004). Caniz has not shown that there is a nexus between the alleged persecution and one of the statutorily protected grounds. *See Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). He has also failed to show that he could not relocate to another area of Guatemala to avoid persecution. *See* 8 C.F.R. § 208.13(b)(2)(ii); *see also* 8 C.F.R. § 208.16(b)(1)(i)(B). Because he has not shown that he is eligible for asylum, he has also failed to show that he is eligible for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Ordonez does not challenge the denial of her application for cancellation of removal in her petition for review. Accordingly, she has waived any challenge she might have raised regarding that decision. *See Hongyok v. Gonzales*, 492 F.3d 547, 551 n.5 (5th Cir. 2007).

Caniz and Ordonez did not exhaust their administrative remedies concerning their NACARA claims in their appeal to the BIA. *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009); 8 U.S.C. § 1252(a)(1), (d). Therefore, we lack jurisdiction to consider these claims. *See Omari*, 562 F.3d at 318-19.

PETITION DENIED.