# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 10, 2012

No. 11-60229
Summary Calendar

Lyle W. Cayce
Clerk

CARLOS ENRIQUE ENAMORADO BELTRAND,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A88 813 750

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Carlos Enrique Enamorado Beltrand, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's (IJ) order denying his request for withholding of removal.

Beltrand contends that he is entitled to withholding of removal because of past persecution and the likelihood of future persecution on account of his membership in a particular social group, namely, individuals who refuse to join

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Honduran gangs and who bear the sole financial responsibility of providing for their families.  We review the IJ's and the BIA's determinations that Beltrand is not eligible for withholding of removal under the substantial evidence standard.  *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).  The substantial-evidence standard requires that the decision be based on the evidence presented and that the decision be substantially reasonable. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

To establish eligibility for withholding of removal, an alien must show that "'it is more likely than not' that his life or freedom would be threatened by persecution on account of one of the five categories mentioned under asylum." *Efe*, 293 F.3d at 906 (quoting 8 C.F.R. § 208.16(b)(1)).  The protected categories are "race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994).  The determination that Beltrand has not shown membership in a particular social group is supported by the record and is substantially reasonable.  *See Carbajal-Gonzalez*, 78 F.3d at 197.  Because he has not demonstrated that any protected ground was a central reason for the alleged persecution, Beltrand has not demonstrated that the IJ and the BIA erred in denying withholding of removal.

Accordingly, the petition for review is DENIED.