**Henry GUZMAN–GALEANO,**
**Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney**
**General, Respondent.**

No. 11–60799
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 16, 2012.

Gino Mario Mesa, Esq., Law Office of Gino M. Mesa, Houston, TX, for Petitioner.

---

Rachel Louise Browning, Trial Attorney, Tangerlia Cox, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before JONES, SOUTHWICK and HAYNES, Circuit Judges.

PER CURIAM: *

Henry Guzman–Galeano, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's (IJ) order denying his request for withholding of removal.

Guzman–Galeano contends that he is entitled to withholding of removal because of past persecution and the likelihood of future persecution on account of his membership in a particular social group, namely, a family who fears gangs. We review the IJ's and the BIA's determinations that Guzman is not eligible for withholding of removal under the substantial evidence standard. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir.2002). The substantial-evidence standard requires that the decision be based on the evidence presented and that the decision be substantially reasonable. Carbajal–Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir.1996).

To establish eligibility for withholding of removal, an alien must show that "'it is more likely than not' that his life or freedom would be threatened by persecution on account of one of the five categories mentioned under asylum." Efe, 293 F.3d at 906 (quoting 8 C.F.R. § 208.16(b)(1)). The protected categories are "race, religion, nationality, membership in a particular social group, or political opinion." 8

U.S.C. § 1101(a)(42)(A); Jukic v. INS, 40 F.3d 747, 749 (5th Cir.1994). Judicial review of whether an alien has established persecution "on account of" a protected ground is governed by the substantial evidence standard. See INS. v. Elias–Zacarias, 502 U.S. 478, 481–84 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The determination that Guzman has not shown membership in a particular social group or that his past mistreatment was "on account of" such membership is supported by the record and is substantially reasonable. See Elias–Zacarias, 502 U.S. at 482–84, 112 S.Ct. 812; Carbajal–Gonzalez, 78 F.3d at 197. Because he has not demonstrated that any protected ground was a central reason for the alleged persecution, Guzman has not demonstrated that the IJ and the BIA erred in denying withholding of removal.

Accordingly, the petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.