# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60331
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2014

Lyle W. Cayce
Clerk

NAGABHUSANAM KOTHAKONDA,

Petitioner,

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 557 302

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Nagabhusanam Kothakonda, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his application for asylum and withholding of removal. Kothakonda asserts that he presented credible testimony regarding his past persecution by the Naxalites, an extremist political faction in India, and his inability to safely relocate within India. Kothakonda further asserts that the BIA erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining that his persecution was not based on his membership in a particular social group.

Kothakonda testified that the Naxalites demanded money from him, and, after he failed to pay, he was threatened, kidnapped, and beaten. Kothakonda did not testify regarding the extent of his injuries, other than that he sought treatment for his injuries at a small health clinic in his village, or the length of time that he was held by the Naxalites. Based on the information Kothakonda did provide, it does not appear that the incident was prolonged, that the attackers used weapons, or that his injuries were serious or long-term. While the "physical abuse suffered by the respondent is abhorrent," as stated by the BIA, Kothakonda has not shown that the harm he suffered constitutes past persecution. *See Eduard v. Ashcroft,* 379 F.3d 182, 187-88 (5th Cir. 2004); *Abdel-Masieh v. U.S. INS,* 73 F.3d 579, 584 (5th Cir. 1996). Furthermore, Kothakonda's argument that the immigration judge placed an erroneously high burden of proof on him in connection with his past persecution claim is not supported by the record.

After the beating, Kothakonda left his village and lived in Hyderabad, India, for four to five months and then went to stay with a friend in Madras, India, for seven to eight months. During this period, he did not experience any persecution or threats of persecution. In 2003, he moved to Dallas, Texas. When he returned to Hyderabad and Delhi, India, to visit his family, neither he nor his family encountered the Naxalites or received any threats. Although Kothakonda believed that his brother was killed by the Naxalites, he presents no evidence to support that assertion. The evidence does not compel a finding that Kothakonda could not reasonably relocate internally within India, indeed he did relocate internally, or that he has a well-founded fear of future

persecution.  *See Lopez-Gomez v. Ashcroft,* 263 F.3d 442, 446 (5th Cir. 2001); *Jukic v. I.N.S.,* 40 F.3d 747, 749 (5th Cir. 1994).

The standard of proof for withholding of removal is "more stringent" than the standard for asylum claims.  *Mikhael v. INS,* 115 F.3d 299, 306 (5th Cir. 1997).  To be eligible for withholding of removal, the alien must "demonstrate a clear probability of persecution if returned to his home country" on account of the same grounds.  *Zhang v. Gonzales,* 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted).  Because Kothakonda cannot satisfy the standard to obtain asylum, he also cannot satisfy the standard to obtain withholding.  *See Efe v. Ashcroft,* 293 F.3d 899, 906 (5th Cir. 2002).

PETITION FOR REVIEW DENIED.