# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60754
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2017

Lyle W. Cayce
Clerk

RONY DAVID OSEJO-ROMERO, also known as Araceli Osejo Romero,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 880 913

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The Department of Homeland Security charged Rony David Osejo-Romero (a/k/a Araceli Osejo-Romero)[1], a native and citizen of Honduras, with being subject to removal as an alien present in the United States illegally.  *See* 8 U.S.C. § 1182(a)(7)(A)(i)(1).  Osejo-Romero admitted the charge and applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) on the basis of membership in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Osejo-Romero was born male and now identifies as a transgender woman.

a particular social group.  After the immigration judge (IJ) denied relief, the Board of Immigration Appeals (BIA) dismissed Osejo-Romero's appeal on the merits.  We now deny Osejo-Romero's petition for review of the BIA's decision.

The BIA ruled that Osejo-Romero, who once worked as an investigator with Honduran law enforcement, is not entitled to asylum on the basis of past persecution or because of a well-founded fear of future prosecution.  The BIA held that past persecution was not shown by the threats to and surveillance of Osejo-Romero by Los Pirras, a criminal gang, and by the discrimination and isolated incidents of abuse Osejo-Romero encountered as a gay male in Honduras.  Additionally, the BIA agreed with the IJ that the fact that police officers made Osejo-Romero feel uncomfortable was insufficient to constitute persecution and that, in any event, there was no evidence that corrupt police officers knew that Osejo-Romero had reported them.  The record does not establish that Osejo-Romero was subjected to extreme conduct.  *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006); *Eduard v. Ashcroft*, 379 F.3d 182, 187 n.4 (5th Cir. 2004).  We conclude that the evidence does not compel a finding of past persecution, and thus there is no reversible error by the BIA regarding this claim.  *See Mikhael v. INS*, 115 F.3d 299, 304 & n.4 (5th Cir.1997).  The BIA's ruling is based on the evidence presented and is substantially reasonable.  *Ortunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir.2002); *see also Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

We also reject Osejo-Romero's contention that the BIA applied a heightened, incorrect burden of proof when it rejected the appeal of the denial of asylum based on a fear of future persecution by requiring a showing of a probability of future persecution rather than a mere possibility of it.  Our reading of the BIA's decision convinces us that the BIA was aware of and applied the right standard, namely, that an asylum application based on a

well-founded fear of persecution requires only a showing that a reasonable person in the applicant's circumstances would fear persecution if removed. *See Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). Additionally, nothing in the record compels a conclusion that Osejo-Romero was indeed entitled to asylum based on a well-founded fear of future persecution. *See Zhang,* 432 F.3d at 344. As already shown, Osejo-Romero failed to show past persecution, and points to nothing showing that anything worse would happen in the future; Petitioner's subjective fear of persecution is not, therefore, objectively reasonable. *See Eduard*, 379 F.3d at 189. As the BIA's ruling is based on the evidence and is substantially reasonable, this claim does not support appellate relief. *See Ortunez-Tursios*, 303 F.3d at 350.

The claim for withholding of removal fails as well; Osejo-Romero does not show that the evidence is so compelling that no reasonable factfinder could fail to find a clear probability of future persecution. *See Ontunez-Tursios*, 303 F.3d at 351; *Chen v. Gonzales,* 470 F.3d 1131, 1138 (5th Cir. 2006). The clear probability standard requires Osejo-Romero to make "a higher objective likelihood of persecution than that required" to prevail on an asylum application. *Chen*, 470 F.3d at 1138. Because the evidence does not compel the conclusion that Osejo-Romero has satisfied even "the lower objective standard for asylum," it necessarily follows that withholding of removal is unavailable. *Id.*

We review the BIA's factual determination that an alien is not eligible for CAT relief for substantial evidence. *Chen*, 470 F.3d at 1134. Osejo-Romero points to no evidence of personally being tortured in Honduras or that same will happen upon return, and none is apparent from the record. Conclusory assertions do not compel a conclusion different from that of the BIA. *See Chen*, 470 F.3d at 1134.

PETITION DENIED.