IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-60618
Summary Calendar

MAURO ANTONY ARBOLEDA-JARAMILLO; MARLON SEBASTIAN
ARBOLEDA-JARAMILLO

Petitioners

v.

MICHAEL B MUKASEY, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97-746-083
BIA No. A97-746-084

Before HIGGINBOTHAM, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mauro Antony Arboleda-Jaramillo and Marlon Sebastian
Arboleda-Jaramillo petition for review of an order of the Board of Immigration
Appeals (BIA) dismissing their appeal from the Immigration Judge's (IJ) denial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

of asylum, withholding of removal, and request for relief under the Convention Against Torture (CAT).

The Secretary of Homeland Security or Attorney General is authorized, in his discretion, to grant asylum to aliens who qualify as refugees.[1] An alien is a refugee when he is outside of his country and "is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."[2] To show a well-founded fear of persecution, an alien must show either past persecution, in which case the alien is entitled to a presumption of a well-founded fear of persecution subject to rebuttal by an asylum officer's or IJ's findings,[3] or a "'subjective fear of persecution, and that fear must be objectively reasonable.'"[4] Specifically, the alien must demonstrate "that harm or suffering will be inflicted upon [him] in order to punish [him] for possessing a belief or characteristic a persecutor sought to overcome."[5]

The IJ orally determined that the petitioners were "harassed because they [the FARC] want them to join them, but that does not form a basis for the Court to find that" they were persecuted. The IJ found that petitioners had not established that they were refugees "as defined by the statute" and had not

---

[1] 8 U.S.C. § 1158(b)(1).

[2] 8 U.S.C. § 1101(a)(42)(A).

[3] 8 C.F.R. § 208.13(b)(1) ("An applicant who has been found to have established such past persecution shall also be presumed to have a well-founded fear of persecution on the basis of the original claim. That presumption may be rebutted if an asylum officer or immigration judge makes one of the findings described in paragraph (b)(1)(i) of this section.").

[4] Zhao v. Gonzales, 404 F.3d 295, 307 (5th Cir. 2005) (quoting Eduard v. Ashcroft, 379 F.3d 182, 189 (5th Cir. 2004)).

[5] Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994) (internal quotation marks and citation omitted).

"been persecuted by anyone for any of the five reasons ['race, religion, nationality, membership in a particular social group, or political opinion'[6]] set forth above." The BIA agreed. The petitioners challenge the BIA's denial of their request for asylum, urging that substantial evidence does not support the determination that they did not suffer past persecution or did not have a well-founded fear of future persecution on account of political opinion. The petitioners maintain that neither the BIA nor the IJ addressed their claim of a well-founded fear of future persecution. Finally, they contend that the IJ's reference to the Colombian terrorist guerrilla group, the Revolutionary Armed Forces of Colombia or "the FARC," as a gang problem was a fundamental flaw and not mere harmless error.

In INS v. Elias-Zacarias,[7] the Court held that forced recruitment by guerillas was not persecution based on political opinion because the alien's refusal to join the movement was not based on his political opinion but on his fear of retaliation by the Government if he joined. This court, in reliance on Elias-Zacarias, has held that persecution because of a refusal to fight with a particular group, absent demonstration of persecution based on a petitioner's political opinion or membership in a social group, is not persecution on account of political opinion.[8] To persuade us that the FARC's alleged persecution was a result of the petitioners' political opinion or membership in a social group, the petitioners must point to some evidence of the FARC's motives in targeting them

---

[6] 8 U.S.C. § 1101(a)(42)(A).

[7] 502 U.S. 478, 482-83 (1992).

[8] See Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994) ("Jukic has failed to demonstrate that he will be persecuted by either people based on his political opinion or social group, 'rather than because of his refusal to fight with them.'").

for recruitment,[9] and that the "reasonable, substantial, and probative evidence on the record, considered as a whole," fails to support "the decision's factual findings."[10] If petitioners establish a political opinion or membership in a social group, they must also show "that the record also compels the conclusion that . . . [they have] a 'well-founded fear'" of persecution "because of that political opinion" or membership in a group, "rather than because of [their] refusal to fight" with the FARC.[11]

The petitioners potentially showed that they held a political opinion, but the record evidence does not compel a conclusion that they were recruited because of their political opinion. Mauro, speaking for himself and his younger brother, testified that he "did not want to be a part of them [the FARC]" because "this is a terrorist group and my aspirations are very different from the aspiration of a terrorist group." This, to some extent, distinguishes him from the petitioner in Elias-Zacarias who testified only about fear of recruitment – stating that he "did not want to join the guerrillas because the guerrillas are against the government and he was afraid that the government would retaliate against him and his family if he did join the guerrillas."[12] However, even if petitioners' testimony about holding different aspirations from the FARC is sufficient to establish that petitioners have a political opinion, they have not produced evidence that the FARC knew of or targeted petitioners as a result of

---

[9] See Elias-Zacarias, 502 U.S. at 483. Petitioners must provide "some evidence of . . . [motive], direct or circumstantial." Id.

[10] See also Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994) (Under the substantial evidence standard, "the alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it").

[11] Elias-Zacarias, 502 U.S. at 483.

[12] Id. at 480.

their opinion.[13] The evidence shows that petitioners never communicated with the FARC, aside from receiving letters under their door and hearing someone, whom they believed to be from the FARC, yelling outside of their door and banging on the door.

Petitioners may also have presented evidence that they were members of a social group, assuming children who resist recruitment by the FARC[14] can be defined as a "social group" under § 1101,[15] and not simply individuals who do not wish to join a guerrilla group. Petitioners presented paper evidence that the FARC has targeted children, and that children have resisted the FARC's recruitment efforts or turned themselves in to authorities after being recruited. Petitioners were young – ages 17 and 15 – when they began receiving the FARC recruitment letters. But even if petitioners have presented evidence that the FARC's motivation in targeting them was because of their status in a social group – a conclusion that is not compelled based on the evidence – the BIA found that petitioners had not established a well-founded fear of persecution, and this was not in error. The BIA's determination "can be reversed only if the evidence presented by . . . [petitioners] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed."[16]

---

[13] See id. at 483 (holding that "since the statute makes motive critical," a petitioner "must provide some evidence of it, direct or circumstantial").

[14] Petitioners argued in their appeal to the BIA, "Respondent has showed that the fear is out of political difference. Respondents are also ones of the group of people in Columbia [sic] who refused to join the guerrilla but who was facing recruitment from the FARC" and then cited articles about the FARC's recruitment and abuse of children.

[15] We need not decide this issue, as we deny the petition based on the BIA's determination that there was no evidence of a well-founded fear of persecution.

[16] Elias-Zacarias, 502 U.S. at 481.

The BIA agreed with the IJ's "conclusion that the respondent does not have a well founded fear of a clear probability of persecution if returned to Colombia," finding that "attempted forced recruitment does not constitute persecution." This finding buries the subtler point that forced recruitment on account of affiliation with a social group could, with a showing of the requisite well-founded fear, constitute persecution. Petitioners on appeal point to the strong language in the letters, such as "this is not a game," "this is the last opportunity," "you are making us lose our patience for the last time we'll be waiting for you," and "you will regret it for not paying attention." They also argue that "the FARC multiplied its threat with mid-night home-visiting and door banging in [a] threatening manner." But more is needed for reversal.

"Because the IJ credited . . . [petitioners'] testimony, . . . [their] subjective fear of persecution is not at issue and our review focuses on the objective reasonableness of . . . [their] fear."[17] "The well-founded fear standard does not require an applicant to demonstrate that he will be persecuted if returned to his native country, but rather, requires that he establish persecution as a 'reasonable possibility.'"[18] To establish the objective reasonableness of a well-founded fear of persecution, an applicant must prove that

> (1) he possesses a belief or characteristic a persecutor seeks to overcome by means of punishment of some sort; (2) the persecutor is already aware, or could become aware, that the alien possesses this belief or characteristic; (3) the persecutor has the capability of

---

[17] Chen v. Gonzales, 470 F.3d 1131, 1135 (5th Cir. 2006). The IJ found, "In this particular case, the respondent is found to be credible as a witness, who has testified in a truthful and forthright manner and, therefore, there are no issues regarding credibility and the Court accepts all of the testimony that the respondent has provided as true."

[18] Id. (quoting INS v. Cardoza-Fonseca, 480 U.S. 421, 440 (1987)).

punishing the alien; and, (4) the persecutor has the inclination to punish the alien.[19]

Petitioners did not show that the FARC targeted them because of their political opinions, and the evidence presented by petitioners does not compel a finding that the FARC is or has become aware that they are children who resist recruitment by the FARC. Petitioners are no longer "children"[20] and have presented insufficient evidence to compel a conclusion that they now possess "a belief or characteristic a persecutor seeks to overcome by means of punishment of some sort."[21] Nineteen and twenty-two year olds may still be considered as targets for FARC recruitment, but petitioners' age and the FARC's attempted recruitment of petitioners in Colombia does not compel a conclusion that "it is more likely than not that . . . [petitioners'] 'life or freedom would be threatened . . . because of . . . [their] race, religion, nationality, membership in a particular social group, or political opinion'" upon return.[22] In sum, petitioners have not shown that they "will be persecuted . . . based on . . . [their] political opinion or social group, 'rather than because of . . . [their] refusal to fight with'" the FARC.[23]

The petitioners further argue that the IJ and the BIA failed to address the issue of whether they established a well-founded fear of future persecution if

---

[19] Id. at 1135-36.

[20] Mauro was born on August 29, 1986, and Marlon was born on October 23, 1988.

[21] Chen, 470 F.3d at 1135.

[22] Mwembie v. Gonzales, 443 F.3d 405, 410 (5th Cir. 2006) (quoting 8 U.S.C. § 1231(b)(3)(A)).

[23] Jukic, 40 F.3d at 749 (quoting Elias-Zacarias, 502 U.S. at 483).

returned to Colombia. Both the IJ and BIA addressed the issue.[24] Finally, the petitioners have not shown that the BIA erred in determining that the IJ's single reference to "gang" problems in Columbia was "merely semantic and therefore a harmless error." The IJ's decision reflects that she was aware that the FARC was a terrorist organization. The IJ discussed, for example, "threats he [Mauro] received from the guerrillas, the FARC, which is the Revolutionary Armed Forces of Colombia" and referred to the FARC as a "terrorist group."

The petitioners, who are represented by counsel, do not challenge the denial of their request for withholding of removal or relief under CAT. These issues are deemed abandoned.[25]

PETITION DENIED.

---

[24] The IJ in her oral decision stated, "In order to qualify for relief, the respondent would have to show that he is a refugee and that means that he must show that he has been persecuted in the past or has [a] well-founded fear of persecution . . . . Witholding is mandatory if the respondent meets his burden and shows that it is more likely than not that he would be persecuted for one of the reasons set forth above . . . ." She also stated, "The respondent testified that he is afraid to return because he refused to join the group. . . . The respondent nor his brother ever [sic] had any personal contact with the FARC members, just the letters that he talked about being left under his door." The BIA held, "We agree with the Immigration Judge's conclusion that the respondent does not have a well founded fear or a clear probability of persecution if returned to Colombia."

[25] See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).