IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-60816
Summary Calendar

KARIM FEROZ DATOO

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 986 039

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Karim Feroz Datoo, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of withholding of removal and request for relief under the Convention Against Torture (CAT). Datoo argues that the BIA erred in finding that he did not suffer past persecution or did not have a well-founded fear of future persecution or torture because of his political opinion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Secretary of Homeland Security or Attorney General is authorized, in his discretion, to grant asylum to aliens who qualify as refugees. 8 U.S.C. § 1158(b)(1). An alien is a refugee when he is outside of his country and "is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The term persecution requires "a showing by the alien that harm or suffering will be inflicted upon [him] in order to punish [him] for possessing a belief or characteristic a persecutor sought to overcome." Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994) (internal quotation marks and citation omitted). To be eligible for withholding of removal, an alien must demonstrate a "clear probability" of persecution upon return. Faddoul, 37 F.3d at 188. This standard requires a higher objective likelihood of persecution than is required to establish eligibility for asylum. Id. The CAT requires the alien to show that it is more likely than not that he will suffer torture, as opposed to mere persecution, if removed to his home country. Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002). Accordingly, if an alien does not warrant asylum on a particular basis, he cannot meet the standards for withholding of removal and the CAT on that same basis.

In INS v. Elias-Zacarias, 502 U.S. 478, 482-83 (1992), the Court held that forced recruitment by guerillas was not persecution based on political opinion because the alien's refusal to join the movement was not based on his political opinion but on his fear of retaliation by the Government if he joined. This court, in reliance on Elias-Zacarias, has held that persecution because of a refusal to fight with a particular group is not persecution on account of political opinion. See Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994) ("Jukic has failed to demonstrate that he will be persecuted by either people based on his political opinion or social group, 'rather than because of his refusal to fight with them.'"). Datoo must point to some evidence of the motive of the Muttahida Quami

Movement (MQM) in targeting him for recruitment. See Elias-Zacarias, 502 U.S. at 483. Nothing in the record suggests that the attempted forced recruitment by the MQM was persecution on account of Datoo's political opinion, rather Datoo's testimony shows that the MQM was trying to recruit all college students and that the MQM's actions arose from his refusal to join. The BIA did not err in determining that the attempted forced recruitment did not constitute persecution. See id. at 482-83.

Datoo's argument that he established a well-founded fear of future persecution if returned to Pakistan is refuted by the record. An alien may prove the objectivity of his persecution claim by showing that he would be singled out for persecution or, alternately, that there is a pattern or practice of persecution of a group of persons in which he is a member on account of an enumerated ground. Zhao v. Gonzales, 404 F.3d 295, 307 (5th Cir. 2005). As found by the IJ, Datoo's assertion that he was recruited aggressively by the MQM as a student in 1996 does not establish that he was persecuted because of his political opinion or that he has a well-founded fear of persecution or torture for his political opinion in the future if he is returned to Pakistan. See Elias-Zacarias, 502 U.S. at 482-83.

Datoo has not shown any error of law in the IJ's and BIA's conclusion that he is not eligible for withholding of removal or relief under the CAT, and has not shown that the decision is not supported by substantial evidence in the record. See Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003).

Datoo has not argued on appeal that his claim for asylum was not time barred. This issue is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

PETITION DENIED.