# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-60563
Summary Calendar

ERWIN VLADIMIR RODRIGUEZ-VALLADARES

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A99 676 019

Before REAVLEY, DAVIS, and SMITH, Circuit Judges.

PER CURIAM:[*]

Erwin Vladimir Rodriguez-Valladares, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals's (BIA's) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Rodriguez-Valladares claims that he is a member of a particular social group - young Honduran males who refuse to join the Mara Salvatrucha gang (the MS gang) - and that he was persecuted as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

result of his membership in that group. Rodriguez-Valladares further claims that he will suffer further persecution based on his membership in that social group if he is removed to Honduras.

Although Rodriguez-Valladares was twice beaten by MS gang members, the beatings took place over a four-year period and resulted only in minor injuries. Thus, Rodriguez has not shown that the evidence compels the conclusion that he was persecuted. *See Zhang v. Gonzales*, 432 F.3d 339, 343-44 (5th Cir. 2005); *see also Abdel-Masieh v. I.N.S.*, 73 F.3d 579, 584 (5th Cir. 1996) (holding that alien twice detained and beaten for participation in large demonstrations did not establish past persecution); *Mikhael v. I.N.S.*, 115 F.3d 299, 304 (5th Cir. 1997) (holding that alien failed to show persecution based on religious beliefs when his father was kidnaped and held for two days, his brother was shot in the leg, another brother was kidnaped and tortured, and the alien was detained and assaulted twice).

Rodriguez-Valladares also failed to establish a well-founded fear of persecution if he returns to Honduras. Except for his testimony that he feared more beatings of the type he previously received, which did not constitute persecution, Rodriguez-Valladares failed to produce any evidence regarding future persecution. Because Rodriguez-Valladares's subjective fear of persecution does not satisfy the reasonable person standard, Rodriguez-Valladares has not established that his fear is well-founded. *See Jukic v. I.N.S.*, 40 F.3d 747, 749 (5th Cir. 1994).

Because Rodriguez-Valladares failed to prove that he was entitled to asylum, he is ineligible for withholding of removal. *See Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006). Rodriguez-Valladares has abandoned his CAT claim by not arguing it in this court. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (citing *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)).

Rodriguez-Valladares's petition for review is DENIED.