# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-60893
Summary Calendar

MOUSSA SABIT-MAKINE, also known as Moussa Sabit-Maline

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A88 811 435

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Contending he established a well-founded fear of persecution if returned to Chad, Moussa Sabit-Makine petitions this court for review of a decision of the Board of Immigration Appeals (BIA) that dismissed his appeal from an order of an Immigration Judge (IJ). The IJ denied Sabit's applications for asylum,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withholding of removal, and relief under the Convention Against Torture (CAT) and ordered his removal to Chad or, in the alternative, to Cameroon.

Sabit is subject to deportation under 8 U.S.C. § 1227(a)(2)(A)(ii), because he has two convictions for crimes of moral turpitude. Nevertheless, our jurisdiction is not limited by 8 U.S.C. § 1252(a)(2)(C): Sabit's convictions are misdemeanor offenses not "otherwise covered by" 8 U.S.C. § 1227(a)(2)(A)(i). *See* 8 U.S.C. § 1252(a)(2)(C).

Sabit does not address the BIA's rejection of his claims for withholding of removal and relief under the CAT. Accordingly, he has waived those issues. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

Concerning the remaining claim, our court will uphold the BIA's denial of asylum unless Sabit shows that its action was arbitrary, capricious, or an abuse of discretion. *See Jukic v. INS,* 40 F.3d 747, 749 (5th Cir. 1994). A petitioner must show that he presented evidence "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution". *Id.* (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 484 (1992)). Sabit's petition for review does not present the requisite detailed facts establishing he has a reasonable fear he will be singled out for persecution if he is returned to Chad; therefore, he has failed to show that the denial of asylum was arbitrary, capricious, or an abuse of discretion. *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994)*; Jukic*, 40 F.3d at 749.

DENIED.