# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2011

Lyle W. Cayce
Clerk

No. 10-60094
Summary Calendar

MOISES DAVID LOBO-MARADIAGA,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 058 103

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Moises David Lobo-Maradiaga, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's (IJ) order denying his request for withholding of removal.

For the first time, Lobo-Maradiaga challenges the failure of the IJ to address his request for voluntary departure. He also claims that the BIA abused its discretion by not remanding his case so that the IJ could make findings of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fact regarding his request for voluntary departure. Lobo-Maradiaga did not exhaust his administrative remedies with respect to his voluntary departure claim by raising it first before the BIA. This court therefore lacks jurisdiction to consider the claim. 8 U.S.C. § 1252(d)(1); *see Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

Lobo-Maradiaga also contends that he is entitled to withholding of removal because of past persecution and the likelihood of future persecution on account of his membership in a particular social group (namely, individuals who disagree with the ideology of Honduran gangs) and his political opinion. We review the IJ's and the BIA's determinations that Lobo-Maradiaga is not eligible for withholding of removal under the substantial evidence standard. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). The substantial evidence standard "requires only that the BIA's decisions be supported by record evidence and be substantially reasonable." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009) (internal quotation marks and citation omitted).

To establish eligibility for withholding of removal, an alien must show that "'it is more likely than not' that his life or freedom would be threatened by persecution on account of one of the five categories mentioned under asylum." *Efe*, 293 F.3d at 906 (quoting 8 C.F.R. § 208.16(b)(1)). The protected categories are "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). The determination that Lobo-Maradiaga has not shown membership in a particular social group or political opinion is supported by the record and is substantially reasonable. *See Shaikh*, 588 F.3d at 863. Because he has not demonstrated that any protected ground was a central reason for the alleged persecution, Lobo-Maradiaga has not demonstrated that the IJ and the BIA erred in denying withholding of removal.

Accordingly, the petition for review is DISMISSED FOR LACK OF JURISDICTION IN PART and DENIED IN PART.