# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2013

Lyle W. Cayce
Clerk

No. 13-60014
Summary Calendar

ANA C. PEREZ,

Petitioner

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 923 673

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ana C. Perez, a native and citizen of Guatemala, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal of the order of an immigration judge (IJ) denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Perez avers that she witnessed a murder and that the perpetrator, who was the leader of a gang, persecuted her. She also contends that the BIA and IJ erred by finding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her not credible and that she belongs to a social group consisting of those who have witnessed crimes and fear retaliation.

We generally review only the decision of the BIA, but where the BIA adopts the IJ's decision or is affected by the IJ's reasoning, as was the case here,we review the IJ's decision as well. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Perez's claims are reviewed under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Reversal under this standard is not warranted unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted).

There is no need for us to review the challenged credibility finding because, as the BIA noted, Perez's claims fail even when her testimony is believed. Perez testified that she witnessed a murder, that the perpetrator knew that she witnessed it, and that he thereafter took actions that she perceived as threatening. Specifically, he looked at her in a way that she found menacing, he ran across her roof, and he stole small items from her store. These actions may be "unfair, unjust, or even unlawful," but they do not amount to the sort of "extreme conduct" that constitutes persecution as that term is used in immigration law. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). Consequently, substantial evidence supports a conclusion that Perez did not suffer past persecution.

Substantial evidence likewise supports a conclusion that she has not shown that she has a well-founded fear of being persecuted if she is returned to Guatemala, as she has not shown a subjective fear of persecution that is objectively reasonable. *See Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005). Rather, Perez has shown no more than an objectively reasonable fear of treatment that is "unfair [or] unjust." *See Majd*, 446 F.3d at 595 (5th Cir. 2006). Perez has not shown that the record evidence compels a conclusion contrary to

that reached by the BIA and the IJ on the issue of whether she was entitled to asylum. *See Chen*, 470 F.3d at 1134.

We reach the same result with respect to her claims for withholding of removal and relief under the CAT. To demonstrate entitlement to withholding of removal, the applicant must show "that it is more likely than not that [his] life or freedom would be threatened by persecution on account of" an enumerated factor, including his membership in a particular social group. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). The standard for receiving withholding of removal is higher than that for receiving asylum. *Id.* Thus, because Perez has "failed to prove [s]he was entitled to asylum, *a fortiori*, [s]he is ineligible for withholding of deportation." *See Jukic v. INS*, 40 F.3d 747, 750 (5th Cir. 1994).

In order to obtain CAT relief, an alien must show that it is more likely than not that he will suffer torture if returned to his home country. 8 C.F.R. § 208.16(c)(2); *Zhang*, 432 F.3d at 344. The standard for making a showing of torture presents a "higher bar" than that for making a showing of persecution. *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002). Again, because Perez has not shown the latter, she also cannot show the former. *See id.*

The petition for review is DENIED.