# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60065
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2017

Lyle W. Cayce
Clerk

NOE ARSENI VASQUEZ LAINS,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 639 424

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Noe Arseni Vasquez Lains petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the BIA relied upon the findings and conclusions of the IJ, we review both decisions. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We review

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the immigration courts' rulings of law de novo and their findings of fact for substantial evidence. *See id*. at 594. Under the substantial evidence standard, reversal is improper unless this court decides "'not only that the evidence supports a contrary conclusion, but also that the evidence compels it.'" *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citation omitted).

The Attorney General has the discretion to grant asylum to refugees. *See* 8 U.S.C. § 1158(b)(1); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). A refugee is a person who is outside of his country and is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). An applicant may qualify as a refugee either because he has suffered past persecution or because he has a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b).

Vasquez Lains argues only that substantial evidence supports his argument that he will suffer future persecution if returned to Honduras; he does not address the immigration courts' finding that he failed to show past persecution. Accordingly, he has abandoned that issue before this court. *See Soadjede v. Ashcroft,* 324 F.3d 830, 833 (5th Cir. 2003) (per curiam).

Substantial evidence supports the BIA's conclusion that the threats and harassment Vasquez Lains suffered were insufficient to establish a well-founded fear of future persecution so as to entitle him to asylum. *See Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005); *Eduard v. Ashcroft*, 379 F.3d 182, 187 n.4 (5th Cir. 2004). Moreover, Vasquez Lains admitted that he never attempted to relocate to other areas in Honduras and that family members continue to live in Honduras unharmed; these admissions diminish the reasonableness of Vasquez Lains's fears of future persecution. *See Eduard,*

No. 16-60065

379 F.3d at 193.  Because Vasquez Lains cannot meet the requirements for asylum, he has failed to establish the more stringent standard for withholding of removal.  *See id.* at 186 n.2.

Lastly, Vasquez Lains has failed to show his entitlement to protection under the CAT.  As Vasquez Lains did not demonstrate that future persecution was "more likely than not" to occur, he similarly has failed to demonstrate the more rigorous standard for establishing a future danger of torture under the required CAT standard.  *See Chen*, 470 F.3d at 1139.  Vasquez Lains's petition for review is DENIED.