# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60266
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2018

Lyle W. Cayce
Clerk

WALTER ALBERTO CAMPOS,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 720 323

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner Walter Alberto Campos, a native and citizen of El Salvador, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by the Immigration Judge (IJ) of his application for asylum and withholding of removal and protection under the Convention Against Torture (CAT). He contends that the IJ's and BIA's adverse credibility determinations were not supported by substantial evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and that he was able to explain the inconsistencies between his asylum and withholding of removal application and hearing testimony. Campos also contends that he is entitled to asylum and withholding of removal because he has established persecution based on his religion and membership in a particular social group. He also asserts that he is entitled to protection under the CAT because the El Salvadoran government would acquiesce in his torture or would be unwilling to protect him from it.

Campos denied giving a statement to agents when he was arrested, and he failed to state that while at his aunt's house he heard that gang members were looking for him. This lack of candor and omission weighed in favor of a determination that Campos was not a credible witness. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Although Campos contends that the IJ and BIA should not have weighed the omission about his aunt's house in its determination, they were free to rely on any inconsistency or omission in the record. *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009). Campos has failed to show that, under the totality of the circumstances, the evidence is so compelling that no reasonable factfinder could fail to find otherwise, so we defer to the IJ's and BIA's adverse credibility determinations. *See id.*

Even if we were to assume that Campos was a credible witness, he is not entitled to relief on his asylum and withholding of removal claims. He contends that his family is a particular social group but does not cite, and the record does not reveal, evidence that his family would be perceived as a recognizable group in El Salvador. *See Orellana-Monson v. Holder*, 685 F.3d 511, 522 (5th Cir. 2012). He also has not identified the family members included in the group or identified the limiting factors that establish membership in the group. Similarly, the evidence does not compel the conclusion that his Catholicism was a central reason for any persecution he

No. 17-60266

suffered in El Salvador.  *See Shaikh v Holder*, 588 F.3d 861, 864 (5th Cir. 2009).  Accordingly, Campos has not shown that the BIA erred by rejecting his claims for asylum and withholding of removal.  *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994).

Finally, Campos's contentions regarding his eligibility for protection under the CAT are not properly before this court because the BIA did not affirm the IJ's decision on those grounds.  *See Yang v. Holder*, 664 F.3d 580, 584 n.3 (5th Cir. 2011).  Rather, the BIA affirmed the IJ's decision regarding CAT protection based on the adverse credibility determination.

The petition for review is DENIED.